# IN THE UNITED STATES DISTRICT COURT

## FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

___SOUTHERN___ Division

United States Bankruptcy Court
Southern District of Texas
FILED
APR - 1 2008
Michael N. Milby, Clerk

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

YOLANDA SALDIVAR
**PETITIONER**
(Full name of Petitioner)

LANE MURRAY UNIT
**CURRENT PLACE OF CONFINEMENT**

733126
**PRISONER ID NUMBER**

VS.

BRAD LIVINGSTON
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner)

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

# PETITION

## What are you challenging? (Check only one)

- ☑ A judgment of conviction or sentence, probation or deferred-adjudication probation   (Answer Questions 1-4, 5-12 & 20-23)
- ☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14, & 20-23)
- ☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-23)

## All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
   Out of the 214th Judicial District Court Venue transferred to the 228th Judicial District Court, Harris County

2. Date of judgment of conviction: October 26, 1995

3. Length of sentence: Life

4. Nature of offense and docket number (if known): First Degree Murder

## Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)

   ☑ Not Guilty    ☐ Guilty    ☐ Nolo contendere

6. Kind of trial: (Check one)   ☑ Jury    ☐ Judge Only

- 2 -                              CONTINUED ON NEXT PAGE

7. Did you testify at the trial? ☐ Yes ☑ No

8. Did you appeal the judgment of conviction? ☑ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal?

    14th Court of Appeals    Cause Number (if known) _____

    What was the result of your direct appeal (affirmed, modified or reversed): Affirmed

    What was the date of that decision? October 1, 1998

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Result: Refused

    Date of result: August 18, 1999 Cause Number (if known): _____

    If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☑ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 214th Judicial District Court, Nueces County

    Nature of proceeding: Article 11.07 Application

    Cause number (if known): _____

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
                September 23, 2000

    Grounds raised: Fifth, Sixth and Fourteenth Amendments of the

    United States Constitution violations

- 3 -                                    CONTINUED ON NEXT PAGE

Date of final decision: Pending

Name of court that issued the final decision: Still Pending

As to any *second* petition, application or motion, give the same information:

Name of court: Court of Criminal Appeals

Nature of proceeding: Application for Writ of Mandamus

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court. March 27, 2008

Grounds raised: Respondent's failure to respond to the filing of Article 11.07 Application

Date of final decision: Pending

Name of court that issued the final decision: Still Pending

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?
    ☐ Yes   ☑ No
    (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

    (b) Give the date and length of the sentence to be served in the future: _____

    (c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?
        ☐ Yes   ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐ Yes          ☐ No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☐ No

16. Are you eligible for mandatory supervised release?   ☐ Yes   ☐ No

17. Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

    _____

    Disciplinary case number: _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time credits?   ☐ Yes   ☐ No

    Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☐ Yes          ☐ No

    If your answer to Question 19 is "yes," answer the following:

    Step 1 Result: _____

    Date of Result: _____

    Step 2 Result: _____

CONTINUED ON NEXT PAGE

Date of Result: _____

**All applicants must answer the remaining questions:**

20. State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    **CAUTION:**
    <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
    <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)  Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by the use of a coerced confession.

(c)  Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)  Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)  Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)  Conviction obtained by a violation of the protection against double jeopardy.

(i)  Denial of effective assistance of counsel.

(j)  Denial of the right to appeal.

(k)  Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

**A. GROUND ONE:** Conviction obtained in an unconstitutional prejudicial and purposefully manner in selecting jurors.

Supporting FACTS (tell your story briefly without citing cases or law): The court of appeals unreasonably applied clearly established Federal Law as determined by the United States Supreme Court in failing to recognize Applicant's valid challenge and determining that trial counsel failed to timely preserve the complaint. The State exercised its peremptory strikes in a purposefully prejudicial manner and failed to provide a racially neutral reason for doing so.

**B. GROUND TWO:** Conviction obtained in violation of Applicant's due process Sixth Amendment right of effective confrontation and cross-examination.

Supporting FACTS (tell your story briefly without citing cases or law): The appellate court unreasonably applied clearly established Federal Law in holding that Applicant's due process Sixth Amendment right of effective confrontation and cross-examination was not violated. The Applicant was harmed when the court of appeals upheld the trial court's failure to grant the motion for new trial based on the newly discovered, wrongfully withheld, impeachment evidence pertaining to one of the State's main witnesses.

**C. GROUND THREE:** Conviction obtained by the use of an unlawful obtained confession after invocation of rights.

Supporting FACTS (tell your story briefly without citing cases or law): The court of appeals unreasonably applied the law interpreting the Fifth and Sixth Amendments of the United States Constitution, in holding that the trial court did not err in failing to suppress the Applicant's written confession obtained after invocation of rights. The appellate

court erroneously reasoned that the Applicant's request to speak with an attorney was not unambiguous, and that she was not in custody at the time she made the request.

D. **GROUND FOUR:** Conviction obtained in violaton of a substantial right to instruct jury on admitted extraneous offenses.

Supporting FACTS (tell your story briefly without citing cases or law):

**General** The court of appeals unreasonably applid cleary established Federal Law as determined by the United States Supreme Court in overruling Applicant's point of error that she suffered harm from the failure of the trial court to instruct the jury about the limited purpose for which evidence of extraneous offenses was admitted. The court of appeals erred by failing to discern the difference amn a preserved charge harm analysis, unpreserved charge harm analysis, and a Rule 44 "beyond a reasonable doubt" harm analysis.

**Specific** The court of appeals erred in overruling the Applicant's point of error that she was harmed when the trial court erred in admitting evidence of extraneous misconduct despite the State's failure to give adequate, nonspecific, timely notice under Rule 404(b); abused its discretion in admitting unfounded prejudicial evidence of extraneous misconduct during the guilt/innocence phase of the trial; in admitting harmful hearsay evidence regarding extraneous misconduct in violation of Applicant's right to confront and cross-examine witnesses against her; and in failing to give a limiting instruction regarding extraneous misconduct, as required by Rule 105(a).

E. **GROUND FIVE:** Conviction obtained in violation of a constitutional right against Applicant's failure to testify.

-7(a)-

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): <u>The appellate court unreasonably applied clearly established Federal Law in holding that the prosecutor's comments did not amount to an impermissible comment on the Applicant's failure to testify, in violation of the Applicant's rights under the Fifth Amendment of the United States Constitution.</u>

**F.  GROUND SIX:** <u>Conviction obtained in violation of the Sixth and Fourteenth Amendment of the United States Constitution on Jury Instruction on Sudden Passion.</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): <u>The court of appeals erred in overruling Applicant's poin of error wherein she asserted she suffered harm when the trial court denied the requested punishment instruction of sudden passion.</u>

D.    **GROUND FOUR:** Please see 7(a) and (b)

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

21. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

    ☐ Yes     ☒ No

    If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

22. Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

    ☐ Yes     ☒ No

    If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☑ Yes   ☐ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

Article 11.07 Application in the 214th Judicial District Court, Nueces County and filed on September 23, 2000.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on March 27, 2008 (month, date, year).

Executed on March 27, 2008 (date).

*Yolanda Baldwin*
Signature of Petitioner (required)

Petitioner's current address: Lane Murray Unit
1916 N. Hwy 36 By Pass
Gatesville, Texas 76596

- 9 -

March 19, 2008

United States District Court
for the Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

Re: 2254 Federal Writ

United States Bankruptcy Court
Southern District of Texas
FILED

APR - 1 2008

Michael N. Milby, Clerk

Dear Sir/Madam:

    Enclose please find my pro se defendant's 2254 Federal Writ which includes three copies as required by this Court. Please file this Writ and bring it to the attention of the Court.

    Because to get a $5.00 money order withdraw done through my inmate trust fund account taking 6-8 weeks to complete, please be advised that this $5.00 fee is on its way by a separate letter certified/registered mail rather than to submit it along with this package.

    I also request that you notify me of the Court's ruling on my Writ.

Sincerely,

*Yolanda Saldivar*

Defendant's pro se
Yolanda Saldivar
TDC # 733126
Lane Murray Unit
1916 N. Hwy 36 By Pass
Gatesville, Texas 76596