* * * * * * *

United States Bankruptcy Court
Southern District of Texas
FILED

APR - 1 2008

Michael N. Milby, Clerk

IN THE
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

* * * * * *

Ex parte Yolanda Saldivar

* * * * * * *

Applicant in the Appeal Number 14-96-00010-CR
The Court of Appeals for the
Fourteenth District of Texas
Out of the 214th Judicial District Court
Venue Transferred to the 228th Judicial District Court
Trial Court Cause No. 704424

* * * * * * *

**MEMORANDUM IN SUPPORT OF THE APPLICATION FOR
PETITION FOR WRIT OF HABEAS CORPUS**

* * * * * * *

Yolanda Saldivar
TDC # 733126
Lane Murray Unit
1916 N. Hwy 36 By Pass
Gatesville, Texas 76596

Appellant/Applicant - Yolanda Saldivar

Appellee          - The State of Texas

Attorneys:
For Motion to Reduce Bond, Motion for Change of Venue and Motions to
  Quash, Motion to Suppress, Trial, Motion for New Trial and Fact
  Findings on Appeal

For State:
Carlos Valdez
Mark Skurka
Elissa Sterling
Assistant District Attorneys
Nueces County Courthouse
Corpus Christi, Texas 78401

For Appellant:
Douglas Tinker
622 E. Tancahua
Corpus Christi, Texas 78401

Arnold Garcia on Motion for Change of Venue, Motions to Quash, Motion to
Suppress, Motion for New Trial
15337 Bonasse Ct.
Corpus Christi, Texas 78418

Patrick J. McGuire on the Motion for New Trial and Hearing on Fact Findings
for Appeal and Appeal
713 Coleman
Corpus Christi, Texas 78401

For Appellant at Trial:
Douglas Tinker
Fred Hagans
Patricia Saum
Arnold Garcia
Nueces County, Texas

For Appellant on Appeal:
Patrick J. McGuire
713 Coleman
Corpus Christi, Texas 78401

NAME OF ALL PARTIES (cont.)

For State on Appeal:
Carlos Valdez
District Attorney
901 Leopard
Corpus Christi, Texas 78401

For Appellant on Petition for Discretionary Review
Roy E. Greenwood
P.O.Box 163325-3325
Austin, Texas 78716-3325

For Applicant on State Writ of Habeas Corpus
William Berchelmann
101 Stumberg
San Antonio, Texas 78204

Suzanne M. Kramer
101 Stumberg
San Antonio, Texas 78204

For Applicant on Writ of Mandamus and Federal Writ of Habeas Corpus
Yolanda Saldivar
TDC # 733126
Lane Murray Unit
1916 N. Hwy 36 By Pass
Gatesville, Texas 76596

## TABLE OF CONTENTS                                    PAGE

Names of Parties                                       ii, iii

Table of Contents                                      iv, v, vi

Index of Authorites                                    1-14

Statutes, Constitutions and Articles                   15-16

Request for Habeas Corpus Hearing                      17

Confinement and Restraint, Statement of the Facts,     17-18

    Case, Procedural History, and Jurisdiction

Grounds for Review                                     19-21

Reasons for Review                                     21

Ground for Review No.1                                 22-31
The court of appeals unreasonably applied clearly established Federal
Law, as determined by the United States Supreme Court pursuant to
**Batson v. Kentucky**, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2nd 69 (1986),
in failing to recognize Applicant's valid challenge and determining that
trial counsel failed to timely preserve the complaint.  The State
exercised its peremptory strikes in a purposefully prejudicial manner
and failed to provide a racially neutral  reason for doing so.

Ground of Review No. 2                                 31-47
The appellate court unreasonably applied clearly established Federal
Law in holding that Applicant's due process Sixth Amendment right of
effective confrontation and cross-examination was not violated.  The
Applicant was harmed when the court of appeals upheld the trial court's
failure to grant the motion for new trial based on the newly discovered,
wrongfully withheld, impeachment evidence pertaining to one of the State's
main witnesses.

Ground of Review No. 3                                 47-60
The court of appeals unreasonably applied the law interpreting the
Fifth and Sixth Amendments to the United States Constitution, in holding
that the trial court did not err in failing to suppress the Applicant's

written confession obtained after invocation of rights.  The Appellate
court erroneously reasoned that the Applicant's request to speak with
an attorney was not unambiguous, and that she was not in custody at
the time she made the request.


Ground of Review No. 4                                      60-90
General
The court of appeals unreasonably applied clearly established Federal
Law, as determined by the United States Supreme Court in overruling
Applicant's point of error that she suffered harm from the failure of
the trial court to instruct the jury about the limited purpose for
which evidence of extraneous offenses was admitted.


The court of appeals erred by failing to discern the difference among
a preserved charge harm analysis, unpreserved charge harm analysis, and
a Rule 44 "beyond a reasonable doubt" harm analysis.


Specific
A)  The court of appeals erred in overruling the Applicant's point of
error that she was harmed when the trial court erred in admitting
evidence of extraneous misconduct despite the State's failure to give
adequate, nonspecific, timely notice under Rule 404(b).
B)  The court of appeals erred in overruling the Applicant's point of
error that she was harmed when the trial court abused its discretion
in admitting unfounded prejudicial evidence of extraneous misconduct
during the guilt/innocence phase of the trial.
C)  The court of appeals erred in overruling the Applicant's point of
error that she was harmed when the trial court erred in admitting
harmful hearsay evidence regarding extraneous misconduct in violation
of Applicant's right to confront and cross-examine witnesses against her.
D)  The court of appeals erred in overruling the Applicant's point of
error that she was harmed when the trial court erred in failing to give
a limiting instruction regarding extraneous misconduct, as required by
Rule 105(a).

Ground of Review No. 5                                    90-97

The Appellate court unreasonably applied clearly established Federal
Law in holding that the prosecutor's comments did not amount to an
impermissible comment on the Applicant's failure to testify, in
violation of the Applicant's rights under the Fifth Amendment of the
United States Constitution.

Ground of Review No. 6                                   97-114

The court of appeals erred in overruling Applicant's point of error
wherein she asserted she suffered harm when the trial court denied the
requested punishment instruction of sudden passion, pursuant to Texas
Penal Code, Title 5, Chapter 19.02(2) and Chapter 19.02(d), in violation
of the Sixth and Fourteenth Amendment of the United States Constitution
and Article I, Section 10 of the Texas Constitution.

Conclusion, Prayer for Relief                            115

Signature Line                                           115

Certificates of Service                                  115

Affidavit                                                116

Appendix                                                 117

# INDEX OF AUTHORITIES

| CASE NAME | PAGE |
|---|---|
| *Abdnor v. State*, I, 756 S.W. 2nd 815 (Tex.App.-Dallas 1988) | 69 |
| *Abdnor v. State*, II, 808 S.W. 2nd 476, 478, (Tx.Cr.App. 1991) | 70, 74-75 |
| *Abdnor v. State*, III, 845 S.W. 2nd 302 (Tex.App.-Dallas 1992) | 70, 81 |
| *Abdnor v. State*, IV, 871 S.W. 2nd 726, 729, 732, 739 (Tx.Cr.App. [en banc] 1994) | 69-71, 79-80, 110 |
| *United States v. Agurs*, 427 U.S. 97, 106 110, n. 17, 113, 405 96 S.Ct. 2392, 2399, 2400, 2402, n. 17, 49 L.Ed. 2nd 342 (1976) | 34-36, 38, 42 |
| *Albrecht v. Texas*, 486 S.W. 2nd 97 (Tx.Cr.App. 1972) | 75 |
| *Alcorta v. Texas*, 355 U.S. 28, 31, 78 S.Ct. 103, 105 2 L.Ed. 2nd 9 (1957) | 33 |
| *Alderman v. United States*, 394 U.S. 165, 175, 89 S.Ct. 961, 967 22 L.Ed. 2nd 176 (1969) | 42 |
| *Allen v. State*, 47 S.W. 3d 47 (Tex.App.-Fort Worth, 2001) | 68 |
| *Almanza v. State*, 686 S.W. 2nd 157, 171 (Tx.Cr.App. 1985)(op. on reh'g) | 67, 70-74, 82, 110 |
| *Anderson v. City of Bessemer City*, N.C., 470 U.S. 564, 573, 575-76, 105 S.Ct. 1504, 1511; 84 L.Ed. 2d 518 (1985) | 25-26 |
| *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed. 2nd 704 (1988) | 49, 59, 60 |
| *Arline v. State*, 721 S.W. 2nd 348, 351-52 (Tx.Cr.App. 1986) | 72-73, 82 |
| *United States v. Bagley*, 473 U.S. 667, 676, 679, 682, 683, 105 S.Ct. 3375, 3380, 3382 n. 9, 3383-85, 87 L.Ed. 2nd 481 (1985) | 35-40, 43 |
| *Bailey v. State*, 867 S.W. 2nd 42, 43 (Tx.Cr.App. [en banc] 1993) | 111 |

# INDEX OF AUTHORITIES (CONT'D)

| CASE NAME | PAGE |
|---|---|
| Batson v. Kentucky, 476 U.S. 79, 96-97, 106 S.Ct. 1712, 1722-23, 90 L.ED. 2nd 69 (1986) | 19, 22-24, 27-31 |
| Beathard v. State, 767 S.W. 2nd 423, 432 (Tx.Cr.App. 1989) | 73 |
| Belyeu v. State, 791 S.W. 2nd 66, 75 (Tx.Cr.App. 1989) | 73-74 |
| United States v. Bengivenga, 845 F.2d 592, 596 (5th Cir. 1988)(en banc) | 52-53 |
| Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633 79 L.Ed. 1314 (1935) | 42 |
| Berry v. State, 766 S.W. 2nd 367 (Tex.App.-Dallas 1989) | 85-86 |
| Blake v. State, 365 S.W. 2nd 795 (Tx.Cr.App. 1963) | 40 |
| Blakeley v. Washington, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed. 2d 403, 72 U.S.L.W. 4546 (2004) | 112 |
| U.S. v. Booker, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005) | 112 |
| Bowen v. Maynard, 799 F.2nd 593, 610 (10th Cir. 1986) | 39 |
| Boyett v. State, 692 S.W. 2nd 512, 517 (Tx.Cr.App. 1985) | 46 |
| Brady v. Maryland, 373 U.S. 82, 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed. 2nd 215 (1963) | 34, 36-37, 40-43 |
| Brazelton v. State, 974 S.W. 2d 644, 646, 649-50 (Tx.App.--Fort Worth, 1997) | 102-103, 106, 110, 111 |
| Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed. 2nd 314 (1966) | 41 |
| Bruton v. United States, 391 U.S. 123, 135-36, 88 S.Ct. 1620, 20 L.Ed. 476 (1968) | 47 |
| Bryant v. State, 482 S.W. 2nd 270 (Tx.Cr.App. 1972) | 105 |

INDEX OF AUTHORITIES (CONT'D)

| CASE NAME | PAGE |
|---|---|
| Buchanan v. State, 911 S.W. 2nd 11 (Tx.Cr.App. 1995) | 88 |
| Burkhalter v. State, 493 S.W. 2nd 214 (Tx.Cr.App. 1973) | 40 |
| Bustamante v. State, 48 S.W. 3d 761, 765 (Tex.Crim.App. 2001) | 93-94 |
| Cane v. State, 698 S.W. 2nd 138 (Tx.Cr.App. 1985) | 71 |
| Carlisle v. State, 549 S.W. 2nd 698 (Tx.Cr.App. 1977) | 45 |
| Carranza v. State, 980 S.W. 2nd 653, 657 (Tx.Cr.App. 1998) | 85 |
| United States v. Carrodeguas, 747 F.2d 1390, 1395 (Eleventh Cir. 1984) | 96 |
| Carter v. State, 145 S.W. 3d 702 (Tx.App.-Dallas, 2004) | 76 |
| Chapman v. California, 386 U.S. 18, 21, 24, 87 S.Ct. 824, 828, 17 L.Ed. 2nd 705 (1967) | 74 |
| Clewis v. State, 876 S.W. 2nd 459 (Tx.App.-Austin 1995) | 111 |
| Cobarrubio v. State, 675 S.W. 2nd 749, 752 (Tx.Cr.App. 1983) | 73 |
| Coble v. State, 871 S.W. 2nd 192 (Tx.Cr.App. 1993) | 66 |
| Coleman v. State, 966 S.W. 2nd 525 (Tx.Cr.App. 1998) | 45 |
| United States v. Collins, 972 F.2d 1385, 1406 (5th Cir. 1992) | 96 |
| Corral v. State, 900 S.W. 2nd 914, 919 (Tex.App.-El Paso 1995, no pet.) | 107 |
| Crank v. Texas, 761 S.W. 2nd 328, 341 (Tx.Cr.App. 1988) | 74-75, 79 |
| Crawford v. State, 696 S.W. 2nd 903, 907 (Tx.Cr.App. 1985) | 79 |
| Crawford v. Washington, 541 U.S. 36, 52-53, 124 S.Ct. 1354 158 L.Ed. 2d 177 (2004) | 64 |

CASE NAME                                                    PAGE

Cupp v. Naughten, 414 U.S. 141, 147, 38                       114
L.Ed. 2d 368, 94 S.Ct. 396 (1973)

Daniels v. State, 633 S.W. 2nd 899 (Tx.Cr.App. 1982)          71

Daniels v. State, 645 S.W. 2nd 459, 460                       101
(Tx.Cr.App. [en banc] 1983)

Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105,                 41
39 L.Ed. 2nd 347 (1974)

Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350,         50, 55
2355 129 L.Ed. 2nd 362 (1994)

Davis v. United States, 357 F.2d 438, 441 (Fifth Cir.,)       94, 96
cert. denied, 385 U.S. 927, 17 L.Ed.2d 210, 87 S.Ct.
284 (1996), cert. denied 500 U.S. 934, 114 L.Ed. 2d
463, 111 S.Ct. 2055 (1991)

De Los Santos v. State, 918 S.W. 2d 565                       96
Tex.App.--San Antonio, 1996)

Dinkins v. State, 894 S.W. 2d 330, 350-52                     55
(Tx.Cr.App.), cert. denied, 516 U.S. 832,
116 S.Ct. 106, 133 L.Ed. 2nd 59 (1995)

Dowling v. United States, 493 U.S. 342, 353                   114
107 L.Ed. 2d 708, 110 S.Ct. 668 (1990)

Dowthitt v. Johnson, (180 F.Supp.2d 832)(S.D. Tex. 2000)      53

Dowthitt v. State, 931 S.W. 2nd at 257                        56
(Tex.Crim.App. 1996)

Doyle v. State, 631 S.W. 2nd 732, 738                         71
(Tx.Cr.App. 1982)(Op. on reh'g)

Drew v. State, 743 S.W. 2nd 207, 225 (Tx.Cr.App. 1987)        44

Eddlemon v. State, 591 S.W. 2nd 847, 850                      44, 46
(Tx.Cr.App. [Panel Op.] 1979)

Edwards v. Arizona, 451 U.S. 1039, 1046-47, 77                48
L.Ed.2d 405, 103 S.Ct. 2830 (1983)(plurality op.)

Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880,             49-51, 55, 58, 59
68 L.Ed. 2nd 378 (1981)

CASE NAME                                                    PAGE

Erwin v. State, 729 S.W. 2nd 709 (Tx.Cr.App. 1987)          74

Estelle v. McGuire, 502 U.S. 62, 71-72, 116 L.Ed.           114
2d 385, 112 S.Ct. 475 (1991)

Estes v. Texas, 381 U.S. 532, 540, 85 S.Ct. 1628,           42
1631 14 L.Ed. 2nd 543 (1965)

Evans v. Texas, 519 S.W. 2nd 868, 871, 873                  40, 41
(Tx.Cr.App. 1975)

Fare v. Michael C., 442 U.S. 707, 719,                      49
61 L.Ed.2d 197, 99 S.Ct. 2560 (1979)

United States v. Fernandez, 887 F.2d 564, 567              25
(5th Cir. 1989)

Fletcher v. State, 437 S.W. 2nd 849                        40
(Tx.Cr.App. 1968)

Fowler v. State, 958 S.W. 2nd 853, 865,866                 84, 90
(Tex.App.-Waco 1997), aff'd, 991 S.W. 2nd 258
(Tx.Cr.App. [en banc] 1999)

Fry v. State, 915 S.W. 2nd 554, 558                        106
(Tx.App.-Houston [14th Dist] 1995, no pet.)

United States v. Galbreth, 846 F.2d 983, 986 n.1           52
(5th Cir. 1988)

Garrett v. Texas, 851 S.W. 2nd 853, 860                    107
(Tx.Cr.App. 1993)

Garza v. Texas, 2 S.W. 3rd 331                             75
(Tex.App.-San Antonio 1999 [pet. ref'd] 1999)

Geesa v. State, 820 S.W. 2nd 154, 156, 162                 66
(Tx.Cr.App. [en banc] 1991)

Gibson v. State, 726 S.W. 2nd 129, 132, 133                72-73
(Tx.Cr.App. 1987)

Gold v. State, 736 S.W. 2nd 635, 690                       108
(Tx.Cr.App. 1987)

Good v. State, 723 S.W. 2nd 734 (Tx.Cr.App. En banc 1986)  93

CASE NAME                                                          PAGE

Gonzales v. Texas, 855 S.W. 2nd 692, 696                            44
(Tx.Cr.App. 1993)

United States v. Gonzales, 121 F.3d 928 (5th Cir. 1997),           53
reh'g denied (Oct. 1, 1997), and cert. denied, 118 S.Ct.
726, 139 L.Ed.2d 664 (1988), and cert. denied, 118 S.Ct.
1084, 140 L.Ed.2d 141 (1998)

Graham v. State, 566 S.W. 2nd 941, 952 n.3                         102
(Tx.Cr.App. 1978)

Green v. Texas, 694 S.W. 2nd 528, 530 (Tx.Cr.App. 1985)           107

Greenholtz v. Nebraska Penal Inamtes, 422 U.S. 1                  100

Griffin v. California, 380 U.S. 609, 614 14 L.Ed. 2d            93-95
106, 85 S.Ct. 1229 (1965)

United States v. Grosz, 76 F.3d 1318, 1326 (5th Cir. 1996)        96

Guerra v. State, 936 S.W. 2nd 46, 48                              101
(Tx.App.-San Antonio 1996, pet. ref'd.)

Guzman v. State, 955 S.W. 2nd 85, 89                               54
(Tx.Cr.App. 1997)

Hardesty v. State, 667 S.W. 2nd 130, 135 n. 6                      77
(Tx.Cr.App. 1984)

Harris v. Texas, 790 S.W. 2nd 568, 584-88                   57, 59, 74
(Tx.Cr.App. 1989)

Hayden v. Texas, 13 S.W. 3rd 69 (Tx.App.-Texarkana, 2000)       86-87

Heiman v. State, 923 S.W. 2nd 622, 625                            87
(Tex.App.-Houston [1st Dist] 1995, pet. ref'd)

Henson v. State, 150 Tex.Crim. 344,                               45
200 S.W. 2nd 1007 (1947)

Hernandez v. New York, 500 U.S. 352, 111 S.Ct.                    25
1859, 1871, 114 L.Ed. 2d 395 (1991)

United States v. Hernandez, 574 F.2nd 1362 (5th Cir. 1978)        57

Hicks v. Oklahoma, 447 U.S. 343                                  100

Hitchcock v. State, 612 S.W. 2nd 930, 931                      79, 81
(Tx.Cr.App. 1981)

| CASE NAME | PAGE |
|---|---|
| Hobson v. State, 644 S.W. 2nd 473, 478 (Tx.Cr.App. 1983) | 109 |
| Hodge v. Texas, 940 S.W. 2nd 316, 319 (Tex.App.-Eastland 1997, pet. ref'd.) | 87 |
| Holloway v. Texas, 780 S.W. 2nd 787, 798 (Tx.Cr.App. 1989) | 58 |
| Hooper v. State, 494 S.W. 2nd 846 (Tx.Cr.App. 1973) | 40 |
| Huizar v. State, 12 S.W. 3rd 479 (Tx.Cr.App. 2000) | 66-67 |
| In Re H.V., 2005 WL 627774 (Tx.App.--Fort Worth) | 49 |
| Jackson v. Johnson, 194 F.3d 641, 652 (Fifth Cir. 1999) | 96 |
| Jackson v. Texas, 482 S.W. 2nd 864 (Tx.Cr.App. 1972) | 40 |
| Jackson v. United States, 443 U.S. 307, 319-20 (1979) | 108 |
| Jock v. State, 708 S.W. 2nd 545, 547-550 (Tex.App.-Texarkana, 1986) | 44-45 |
| Johnson v. State, 967 S.W. 2nd 410, 417 (Tx.Cr.App. 1998) | 85 |
| Johnson v. Texas, 571 S.W. 2nd 170, 173 (Tx.Cr.App. 1978) | 71 |
| Johnson v. State, 509 S.W. 2nd 639 (Tx.Cr.App. 1974) | 81 |
| Jones v. Texas, 296 S.W. 2nd 271 (Tx.Cr.App. 1956) | 81 |
| Jones v. Texas, 711 S.W. 2nd 35, 36 (Tx.Cr.App. 1986) | 44 |
| Jones v. Texas, 955 S.W. 2nd 438 (Tx.App.-Fort Worth, 1997) | 101 |
| Jones v. United States, 526 U.S. 227, 244-248, 143 L.Ed. 2d 311, 119 S.Ct. 1215 (1999) | 113 |
| Keeton v. Texas, 749 S.W. 2nd 861, 867-68 (Tx.Cr.App. 1988) | 24, 27 |
| King v. Texas, 953 S.W. 2nd 266, 271 (Tx.Cr.App. 1997) | 78, 85, 88 |
| Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) | 78, 85, 88 |

CASE NAME                                                                PAGE

Kreysig v. State, 935 S.W. 2nd 886                                       101
(Tex.App.-Texarkana 1996, pet. ref'd)

Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555,                          41, 43
1568-69, 131 L.Ed. 2nd 490 (1995)

Lane v. Texas, 933 S.W. 2nd 504, 520                                     69
(Tx.Cr.App. 1996)

United States v. Lane, 474 U.S. 438, 106 S.Ct. 725,                      78, 85
88 L.Ed. 2d 814 (1986)

LaPoint v. State, 750 S.W. 2nd 180, 191                                  73
(Tx.Cr.App. 1986)(Op. on reh'g)

United States v. Leon, 468 U.S. 897, 900-901                            42
104 S.Ct. 3405, 3409 82 L.Ed. 2nd 677 (1984)

Lewis v. State, 911 S.W. 2nd 1, 7                                        43
(Tx.Cr.App. 1995)

Lindsey v. King, 769 F.2nd 1034 (5th Cir. 1985)                          39

Lockhart v. State, 847 S.W. 2nd 568, 570-71                              75, 79, 80
(Tx.Cr.App. 1992)

McCarthy v. State, 65 S.W. 3d 47, 51 (Tex.Cr.App. 2001)                  50

McCartney v. State, 542 S.W. 2nd 156, 160                                102
(Tx.Cr.App. 1976)

McDonald v. Texas, 77 Tex.Cr.Rep. 612 179 S.W. 880 (1915)               40

McIntosh v. Texas, 855 S.W. 2nd 753, 762                                 106-107
(Tex.App.-Dallas, 1993)

McKenna v. Texas, 797 S.W. 2nd 216, 221-22                               58-59
(Tex.App.-Corpus Christi 1990, no pet.)

McNeil v. Wisconsin, 501 U.S. 171, 176,                                  49
115 L.Ed. 2d 158, 111 S.Ct. 2204 (1991)

Maestas v. State, 987 S.W. 2nd 59, 62                                    54
(Tx.Cr.App. 1999) cert. denied, 120 S.Ct. 93,
145 L.Ed 2nd 79, 68 USWL 3224, 1999

Mallory v. State, 752 S.W. 2nd 566, 569-70                               74
(Tx.Cr.App. 1988)

CASE NAME                                                    PAGE

Marras v. State, 741 S.W. 2nd 395, 405                        107
(Tx.Cr.App. 1987)

Marshall v. Lonberger, 459 U.S. 422, 432, 74 L.Ed. 2d         26
646, 103 S.Ct. 843 (1983)

Mayes v. Texas, 8 S.W. 3rd 354, 359-60, 362              51, 55-58
(Tex.App.-Amarillo, 1999)

Maynard v. State, 685 S.W. 2nd 60, 67                        86
(Tx.Cr.App. [en banc] 1985)

Medlock v. State, 591 S.W. 2nd 485, 486                     106
(Tx.Cr.App. 1979)

Meraz v. State, 785 S.W. 2nd 146, 154,                      101
55 (Tx.Cr.App. 1990)(en banc)

Merchant v. State, 810 S.W. 2nd 305, 308, 312          101, 111
(Tex.App.-Dallas, 1991 [pet. ref'd])

Merritt v. State, 982 S.W. 2nd 634, 637                     84
(Tex.App.-Houston [1st Dist.] 1998, pet. ref'd,
untimely filed)

Messer v. State, 757 S.W. 2nd 820, 827                      43
(Tex.App.-Houston [1st Dist.], 1988, pet. ref'd)

Michigan v. Harvery, 494 U.S. 344, 350                      49
108 L.Ed. 2d 293, 110 S.Ct. 1176 (1990)

Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321,              48
46 L.Ed. 2d 313 (1975)

Miller v. State,815 S.W. 2nd 582, 585 (Tx.Cr.App. 1991)    106

Mims v. State, 3 S.W. 3rd 923, 927 (Tx.Cr.App. 1999)       105

Minnick v. Mississippi, 498 U.S. 146, 112 L.Ed 2d 489,      49
111 S.Ct. 486 (1990)

Miranda v. Arizona, 384 U.S. 436, 467-68, 71, 73-74, 86  48-49, 52-53, 55
S.Ct. 1602, 1628, 16 L.Ed.2d 694, 720, 722-23 (1966)

Mitchell v. State, 931 S.W. 2nd 950, 951                    66
(Tx.Cr.App. 1996)

Montgomery v. State,810 S.W. 2nd 372, 386, 391-92       75-77, 88
(Tx.Cr.App. 1990)

CASE NAME                                                          PAGE

United States v. Montoya-Ortiz, 7 F.3d 1171 (5th Cir. 1993)       94

Mooney v. Holohan, 294 U.S. 103, 112,                             33,  42
55 S.Ct. 340,79 L.Ed. 791 (1935)

Moore v. Illinois, 408 U.S. 786, 795, 797, 92 S.Ct.              34
2562, 2568, 33 L.Ed. 2nd 706 (1972)

Moore v. Texas, 694 S.W. 2nd 528, 530 (Tx.Cr.App. 1985)          107

Morris v. State, 696 S.W. 2nd 616, 620                           43
(Tex.App.-Houston [14th Dist.] 1985), aff'd
739 S.W. 2nd 63 (Tx.Cr.App. 1987)

Morrissey v. Brewer, 408 U.S. 471.                              100

Moseley v. Texas, 931 S.W. 2nd 670                              103,  109
(Tex.App.-Houston [1st Dist.] 1997 pet. ref'd)

Moseley v. Texas, 983 S.W. 2nd 249, (Tex.Cr.App. 1998)         57
(cert. denied 526 U.S. 1070, 119 S.C 1466,
143 L.Ed. 2nd 550, 1999)

Muniz v. State, 851 S.W. 2nd 238, 254                          106
(Tx.Cr.App.), cert. denied, 510 U.S. 837,
114 S.Ct. 116, 126 L.Ed. 2nd 82 (1993)

Murphy v. Waterfront Commission of New York Harbor,           95
378 U.S. 52, 55, 84 S.Ct. 1594, 12 L.Ed. 2d 678 (1964)

Mutscher v. Texas, 514 S.W. 2nd 905                           40
(Tx.Cr.App. 1974)

Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct.               33
1173, 1177, 3 L.Ed.2nd 1217 (1959)

Neuman v. Texas, 951 S.W. 2nd 938                             88
(Tx.App.-Austin 1997)

North Carolina v. Butler, 441 U.S. 369, 372-76,              48
60 L.Ed. 2d 286, 99 S.Ct. 1755 (1979)

Oliva v. Texas, 663 S.W. 2nd 656 658,                        109
(Tex.App.-Corpus Christi 1983, no pet.)

O'Neal v. McAninch, 513 U.S. 432, 435, 115 S.Ct. 992,        78,  84-85
130 L.Ed.2d 947, 63 USLW 4126 (1995)

CASE NAME                                                    PAGE

Paulson v. State, 28 S.W. 3d 570 (Tx.Cr.App. 2000)          66

Penagraph v. Texas, 623 S.W. 2nd 341 (Tx.Cr.App. 1981)      70

Perez v. Texas, 940 S.W. 2nd 820                            101-102, 106
(Tex.App.-Waco 1997, no pet.)

Plante v. State, 692 S.W. 2nd 487, 490 n.3,                 75, 79
(Tx.Cr.App. 1985)

Poole v. State, 974 S.W. 2nd 892 (Tx.App.-Austin, 1998)     68

Porter v. State, 709 S.W. 2nd 213, 215-16,                  79
(Tx.Cr.App. 1986)

Posey v. State, 966 S.W. 2nd 57 (Tx.Cr.App. 1998)           67

United States v. Preston, 608 F.2nd 626, 639,n.16           77
(5th Cir. 1979)

Provost v. State, 514 S.W. 2nd 269 (Tx.Cr.App. 1974)        107

Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177,                 33, 42
87 L.Ed. 214 (1942)

Purkett v. Elem, 514 U.S. 765, 767, 768                     24, 29
(1995)(per curiam)

Rachal v. State, 917 S.W. 2nd 799, 809 (Tx.Cr.App. 1996)    77

Rainey v. State, 949 S.W. 2nd 537, 541                      102
(Tex.App.-Austin 1997, pet. ref'd)

Rankin v. Texas, 974 S.W. 2nd 707, 718 (Tx.Cr.App. 1996)    88

Rankin v. State, 995 S.W. 2nd 210                           88
(Tex.App.-Houston [14th Dist.] 1999)

Ray v. State, 515 S.W. 2nd 664 (Tx.Cr.App. 1974)            105

Reyes v. State, 69 S.W. 3d 725, 735-37,                     76-77
(Tex.App.--Corpus Christi, 2002)

Rider v. State, 567 S.W. 2nd 192 (Tx.Cr.App. 1978)          71

Roberts v. State, 590 S.W. 2nd 498, 501 (Tx.Cr.App. 1979)   102

United States v. Robinson, 485 U.S. 25, 33 99 L.Ed.2d       96
23, 108 S.Ct. 864 (1988)

CASE NAME                                                    PAGE

Robinson v. Texas, 701 S.W. 2nd 895, 899                     79, 82
(Tx.Cr.App. 1985)

Robinson v. State, 945 S.W. 2nd 336, 342                     101
(Tx.App.-Austin 1997, pet. ref'd)

United States v. Rocha, 916 F.2d 219, 232 (5th Cir. 1990)    95-96

Rodriguez v. State, 137 S.W. 3d 228, 231                     68
(Tx.App.- [1st Dist.] 2004)

Rogers v. Texas, 853 S.W. 2nd 29, 33 (Tx.Cr.App. 1993)       86

Rose v. Clark, 478 U.S. 570, 577-78, 106 S.Ct. 3101,         42
3105-06, 92 L.Ed. 2nd 460 (1986)

Rose v. Texas, 752 S.W. 2nd 529, 553-54 (Tx.Cr.App. 1987)    73-74

Saldivar v. State, 980 S.W. 2nd 473, 475                     22, 32, 44, 52,
(Tx.App.-Houston [14th Dist] 1999)                           65, 93, 99

Sambrano v. Texas, 754 S.W. 2nd 768                          40
(Tex.App.-San Antonio, 1988)

Sanders v. State, 707 S.W. 2nd 78, 79-90                     103
(Tx.Cr.App. 1986)

Sattiewhite v. State, 786 S.W. 2nd 271, 285 (Tx.Cr.App. 1989)  79, 82

Schutz v. Texas, 957 S.W. 2nd 52, 72 (Tx.Cr.App. 1997)       89

Seal v. State, 496 S.W. 2nd 621 (Tx.Cr.App. 1973)            40

Self v. State, 860 S.W. 2nd 261, 264                         83
(Tex.App.-Fort Worth 1993, pet. ref'd)

Short v. State, 16 Cr.R. 44 (1879)                           70

Simon v. State, 630 S.W. 2nd 681, 682                        44-45
(Tex.App.-Houston [1st Dist] 1981, no pet.)

Smith v. Illinois, 469 U.S. 91, 95, 105 S.Ct. 490,           49
83 L.Ed. 2d 488 (1984)

Smith v. State, 5 S.W. 3rd 673 (Tx.Cr.App. 1999)             73

U.S. ex rel. Smith v. Fairman, 769 F.2d 386 (7th Cir. 1985)  34, 39

| CASE NAME | PAGE |
|---|---|
| Spencer v. Texas, 385 U.S. 554, 560, 87 S.Ct. 648, 652 17 L.Ed. 2nd (1967) | 70 |
| Springfield v. State, 356 S.W. 2nd 940, 941 (Tx.Cr.App. 1962) | 81 |
| Strickland v. Washington, 466 U.S. 668, 696, 104 S.Ct. 2052, 2069 80 L.Ed.2d 674 (1984) | 36, 39 |
| Templin v. Texas, 771 S.W. 2nd 30, 32 (Tx.Cr.App. 1986) | 66, 79 |
| Ex parte Thomas, 638 S.W. 2nd 905, 907 (Tx.Cr.App. 1982) | 70 |
| Thomas v. Texas, 841 S.W. 2nd 399, 402, 404-05 (Tx.Cr.App. [en banc] 1992) | 34-36, 38, 43, 103 |
| Tollett v. State, 799 S.W. 2nd 256, 259 (Tx.Cr.App. 1990) | 43 |
| Ullmann v. United States, 350 U.S. 422, 426, 76 S.Ct. 497, 100 L.Ed. 511 (1956) | 95 |
| Umoja v. Texas, 965 S.W. 2nd 3 (Tex.App.-Fort Worth 1997, no pet)(Op. on reh'g) | 84 |
| Ex parte Varelas, 45 S.W. 3d at 631-32 (Tx.Cr.App. 2001) | 68 |
| Vitek v. Jones, 445 U.S. 480, 488-89 | 100 |
| Waddell v. Texas, 873 S.W. 2nd 130 (Tex.App.-Beaumont 1994, pet. ref'd.) | 89 |
| Washington v. State, 542 S.W. 2nd 194 (Tex.App.-Houston [14th Dist] 1982, pet. ref'd) | 45 |
| Weatherford v. State, 31 Tx.Crm. 530 21 S.W. 251 (App. 1893) | 70 |
| Webb v. State, 36 S.W. 3rd 164, 181-82 (Tex.App.-Houston [14th Dist] 2000) | 84-85 |
| Whitmore v. State, 570 S.W. 2d 889, 897 (Tx.Cr.App. 1978) | 46 |
| Whitsey v. State, 796 S.W. 2nd at 707, 773-14, (Tx.Cr.App. 1989) | 28 |

| CASE NAME | PAGE |
|---|---|
| Wilkerson v. State, 736 S.W. 2nd 656, 659 (Tx.Cr.App. 1987) | 74 |
| Williams v. State, 504 S.W. 2nd 477, 483 (Tx.Cr.App. 1974) | 46 |
| Williams v. State, 547 S.W. 2nd 18, 20 (Tx.Cr.App. 1977) | 71-72, 83 |
| Williams v. Texas, 622 S.W. 2nd 578, 579 (Tx.Cr.App. 1981) | 71 |
| Williams v. State, 662 S.W. 2nd 344, 346 (Tx.Cr.App. 1984) | 103, 109 |
| Williams v. State, 804 S.W. 2nd 95 (Tx.Cr.App. 1991) | 28 |
| Williams v. State, 630 S.W. 2nd at 643 | 103 |
| Williams v. Whitley, 940 F.2nd 132 (5th. Cir. 1991) | 40 |
| Willis v. State, 790 S.W. 2nd 307 (Tx.Cr.App. 1990) | 103 |
| Willis v. State, 936 S.W. 2nd 302, 308 n.1, (Tx.App.-Tyler 1996, pet. ref'd) | 101, 107 |
| In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed. 2nd 368 (1970) | 66 |
| Wood v. Texas, 486 S.W. 2nd 359 (Tx.Cr.App. 1972) | 40 |
| Wood v. Texas, 118 Tex.Crim 99. 39 S.W. 2nd 1094, 1095 (App. 1931) | 80 |
| Wood v. State, 121 S.W. 2nd 604. | 103 |
| Wolff v. McDonnell, 418 U.S. 539 | 100 |
| United States v. Wright, 489 F.2d 1181, 1186 (D.C.Cir. 1973) | 93 |
| Wyatt v. State, 23 S.W. 3rd 18, 26 (Tx.Cr.App. 2000) | 78 |
| Yarborough v. Alvarado, 124 S.Ct. 2140 | 53 |
| Ybarra v. State, 890 S.W. 2nd 98, 109 (Tx.App.-San Antonio, 1994 pet. ref'd. 1995) | 107 |

## CONSTITUTION AND STATUTES                    PAGE

United States Constitution
Amendments V, VI, and XIV

Texas Constitution
Article I, § 3, 10, and 19

### Code of Criminal Procedures
| | | |
|---|---|---|
| Article   2.01 - Duties of District Attorney | 32 | |
| Article  26.13 - Plea of Guilty | 70 | |
| Article  36.13 - Jury is Judge of Facts | 71 | |
| Article  36.14 - Charge of Court | 67, 74 | |
| Article  36.15 - Requested Special Charges | 67, 74 | |
| Article  36.16 - Final Charge | 67, 74 | |
| Article  36.17 - Charge Certified by Judge | 67, 74 | |
| Article  36.18 - Jury May Take Charge | 67, 74 | |
| Article  36.19 - Review of Charge on Appeal | 66-67, 72-74 | |
| Article  37.07 - Verdict Must Be General | 68 | |
| Article  38.08 - Defendant May Testify | 93 | |
| Article  38.22 - When Statements May Be Used | 47 | |

### Texas Rules of Criminal Evidence
| | | |
|---|---|---|
| Rule  105(a) - Limited Admissibility - Limiting Instruction | 20, 61 | |
| Rule  401    - Definition of Relevant Evidence | 76, 88 | |
| Rule  402    - Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible | 88 | |
| Rule  403    - Exclusion of Relevant Evidence on Special Grounds | 76, 77 | |
| Rule  404(b) - Character Evidence - Other Crimes Wrongs, or Acts | 20, 60, 65, 75 87-88, 109-110 | |

### Texas Penal Code
| | | |
|---|---|---|
| Section   19.02 - Murder | 103 | |
| 19.02(a)(1) | 101 | |
| 19.02(a)(2) | 101-102 | |
| 19.02(c) | 111 | |
| 19.02(d) - Punishment Stage Sudden Passion Issue | 98, 100, 102, 111 | |
| 19.02(2) | 98 | |
| 12.32    - First Degree Felony Punishment | 100 | |
| 12.33    - Second Degree Felony Punishment | 100 | |
| 12.33(a) | 111 | |

### Texas Rule of Appellate Procedure
| | | |
|---|---|---|
| Rule  44.2(a) - Reversible Error in Criminal Cases-- Constitutional Error (old Rule 81(b)(2)) | 57, 73-74, 84 | |

### 28 United States Code
| | | |
|---|---|---|
| Section 2254(d) - State Custody; remedies in Federal courts | 26 | |

LEGISLATION                                                PAGE

Legislative history behind the change in the Voluntary        101
Manslaughter statute making it a punishment issue -
Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1,
1973 Tx. Gen. Laws 883, 913 (subsequent amendments
omitted)(formerly Tx.Pen.Code Ann. § 19.04), repealed
by Act of May 29, 1993, 73rd Leg., R.S., ch. 900 S 1.10,
1993 Tx.Gen. Laws 3586, 3614 (current version at Tx.Pen.
Code Ann § 19.02 (Vernon 1994))


ARTICLES AND OTHER PERIODICALS

Black's Law Dictionary, pg 678 (5th ed. 1990)                  38

23 Tex.Jur.3d Criminal Law S 2818 (1982)                       80

Comment, Brady v. Maryland and The Prosecutor's Duty to        39
        Disclose 40 U.Chi.L.Rev., 112, 125 (1972)

4 W. Blackstone, Commentaries on the Laws of England          113
        343 (1769)

1 J. Bishop, Criminal Procedure § 87, p. 55 (2nd ed. 1872)   113

Letter XV by the Federal Farmer (Jan. 18, 1788)              113
        reprinted in 2 The Complete Anti-Federalist 315,
        320 (H. Storing ed. 1981)

John Adams, Diary Entry (Feb. 12, 1771), reprinted in 2 Works  113
        of John Adams 252, 253 (C.Adams ed. 1850)

Letter from Thomas Jefferson to the Abbe Arnoux (July 19,     113
        1789) reprinted in 15 Papers of Thomas Jefferson,
282, 283 (J.Boyd. ed. 1958)

## REQUEST FOR HABEAS CORPUS HEARING

Applicant requests a hearing on her application for writ of habeas corpus, to fully develop the issues therein.

## **CONFINEMENT AND RESTRAINT**

Applicant is being unlawfully confined and restrained of her liberty by Brad Livingston, acting in his official capacity as the director of the Texas Department of Criminal Justice, Institutional Division.

## STATEMENT OF THE FACTS, CASE,
## PROCEDURAL HISTORY, AND JURISDICTION

The Applicant was indicted by the Nueces County Grand Jury of the offense of murder in Trial Court No. 95-CR-1787-F in the 214th District Court, however, after a change of venue was granted, the case was transferred to Harris County. The Applicant entered a plea of not guilty in the 228th Judicial District Court, Judge Westergren, in cause number 704424. The jury found the Applicant guilty and assessed punishment of life in the Texas Department of Corrections, Institutional Division.

A hearing was subsequently held on the timely filed motion for new trial which was denied, and timely notice of appeal given. After briefs and oral argument, the 14th Court of Appeals rendered an opinion affirming the conviction and sentence on October 1, 1998. The motion for rehearing was overruled on December 10, 1998,

the Petition for Discretionary Review being filed on
March 7, 1999. The Petition for Discretionary Review
was refused on August 18, 1999 and the 14th Court of
Appeals issued the Mandate back to the 214th Judicial
District Court, the court of original jurisdiction on
September 22, 1999. All appellate remedies having been
exhausted, Petitioner asserts that her Post Conviction
Writ of Habeas Corpus was due on September 25, 2000.
Applicant filed an application for writ of habeas corpus,
via the United States mail by certified mail, return
receipt request #Z554 233 720, with the convicting court
on September 23, 2000 and was received on September 26,
2000 by D. Rellu, district clerk. To this date, the
trial court has failed to take action upon Applicant's
application for writ of habeas corpus, and Applicant has
filed, contemporaneously with the filing of this application
for writ of habeas corpus with the Southern District of
Texas, a request for a writ of mandamus from the Texas
Court of Criminal Appeals so as to comply with State
exhaustion rules. As the Applicant is at one year to the
day for the filing of the 2254 Writ and the State Writ
has not yet been denied, the Applicant respectfully
requests the permission to file the 2254 Writ before the
11.07 is denied so as to not abrogate any of her continuing
appellate rights, pursuant to United States Code, Title
28, Chapter 153, Section 2254 (B)(b)(ii).

GROUNDS FOR REVIEW

Ground for Review No.1

The court of appeals erred in overruling the Applicant's point of error that she suffered harm by the trial court failing to recognize Applicant's valid challenge pursuant to **Batson v. Kentucky.** The State exercised its peremptory strikes in a purposefully prejudicial manner and failed to provide a racially neutral reason for doing so, and the Texas Court of Appeals, Fourteenth District erred in opining that trial counsel had failed to properly preserve the challenge.

Ground for Review No.2

The Texas Court of Appeals, Fourteenth District erred in overruling Applicant's point of error that she was harmed by the trial court denying Applicant her due process Sixth Amendment right of effective confrontation and cross-examination. The Court of Appeals erred in overruling the trial court's failure to grant the motion for new trial based on the newly discovered impeachment evidence pertaining to the State's main witness, that the State had wrongfully failed to disclose to Applicant.

Ground of Review No.3

The court of appeals erred in overruling Applicant's point of error that she was harmed when the trial court erred in failing to suppress the Applicant's written confession obtained after invocation of rights.

Ground of Review No.4

**General**

The court of appeals erred in overruling Applicant's point

of error that she suffered harm from the failure of the trial court
to instruct the jury about the limited purpose for which evidence of
extraneous offenses was admitted.

The court of appeals erred by failing to discern the
difference among a preserved charge harm analysis, unpreserved charge
harm analysis, and a Rule 44 "beyond a reasonable doubt" harm analysis.

**Specific**

A) The court of appeals erred in overruling the Applicant's point
of error that she was harmed when the trial court erred in admitting
evidence of extraneous misconduct despite the State's failure to give
adequate, nonspecific, timely notice under Rule 404(b).

B) The court of appeals erred in overruling the Applicant's point
of error that she was harmed when the trial court abused its discretion
in admitting unfounded prejudicial evidence of extraneous misconduct
during the guilt innocence phase of the trial.

C) The court of appeals erred in overruling the Applicant's point
of error that she was harmed when the trial court erred in admitting
harmful hearsay evidence regarding extraneous misconduct in violation
of Applicant's right to confront and cross-examine witnesses against
her.

D) The court of appeals erred in overruling the Applicant's point
of error that she was harmed when the trial court erred in failing to
give a limiting instruction regarding extraneous misconduct, as
required by Rule 105(a).

Ground of Review No. 5

The court of appeals erred in overruling Applicant's point

of error asserting she was harmed by the trial court's failure to grant a mistrial based upon the improper prosecutorial comment on her failure to testify.

Ground of Review No.6

The court of appeals erred in overruling Applicant's point of error wherein she asserted she suffered harm when the trial court denied the requested punishment instruction of sudden passion, pursuant to Texas Penal Code, Title 5, Chapter 19.02(2) and Chapter 19.02(d), in violation of the Sixth and Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution.

## REASONS FOR REVIEW

The Applicant respectfully petitions this Honorable Court to grant this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, in that the Texas Court of Appeals, Fourteenth District's ruling was contrary to, and involved the unreasonable application of clearly established Federal Law, as determined by the United States Supreme Court. Applicant asserts that she therefore suffered harm of constitutional proportions in the trial court which the Court of Appeals failed to remedy. Applicant further asserts her Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.

Ground for Review No.1

The court of appeals unreasonably applied clearly established Federal Law, as determined by the United States Supreme Court pursuant to **Batson v. Kentucky,** 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2nd 69 (1986), in failing to recognize Applicant's valid challenge and in determining that trial counsel failed to timely preserve the complaint. The State exercised its peremptory strikes in a purposefully prejudicial manner and failed to provide a racially neutral reason for doing so.

Facts Pertaining to Ground of Review No.1

It is the Applicant's assertion that the defense counsel timely pursued her Batson objection. (Rec.Ex.#1). The State then failed to put forth a racially neutral reason for striking all black venire persons relying upon their belief that the challenge was untimely. (Rec.Ex.#2). The opinion of the Fourteenth Court stated: "After both parties exercised their peremptory challenges but prior to seating the jury, Applicant's trial counsel requested an opportunity to make a record regarding the trial court's denial of his request for additional peremptory challenges. Applicant's trial counsel said, "I need to make a record with regard to that before they are seated with regard to the challenges that you denied me. We had to settle on this jury. I can make that record after you seat them as though I made it now?" The trial judge responded, 'That's correct'". **Saldivar v. State,** 980 S.W. 2nd 473, 475 (Tex.App.--Houston [14th Dist.] 1999). The opinion went on to discuss: "After a brief discussion as to whether the objection was preserved, the trial court postponed argument on the motion until the

next morning." **Id.**

       The following day, Applicant's trial counsel reminded the trial court that he asked to make objections to the impaneling of the jury and that the court permitted him to do so after the jury was seated. Once again, a discussion ensued regarding when Applicant's trial counsel made the **Batson** challenge and whether the trial court permitted him to make objections to the impaneling of the jury after the jury was seated. Applicant's trial counsel finally admitted, "Your Honor, let me say this: I had no inclination as to pass the challenge because I hadn't seen the color of the faces; and then, as they were seated, at the time they did, I knew that I should do that, and I made it." Without overtly stating that the objection was preserved, the trial judge acted as if it was by allowing Applicant's trial counsel to renew his **Batson** challenge. The prosecutor once again objected, stating the challenge was untimely. When asked, the prosecutor declined the opportunity to state the reasons for its challenged strikes and objected that Applicant had not met her burden to establish a prima facie case. This is, of course, not something that the State is allowed to make a determination of. Clearly, this is the province of the trial court. The trial court, in asking the State to assert their reasons for their strikes, obviously believed the Applicant had established a prima facie case. After hearing argument, the trial court denied Applicant's motion to quash the panel. **Id. at 484.**

ARGUMENTS AND AUTHORITIES

       It is now well accepted that the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prohibits

the State from exercising its peremptory challenges in a purposefully discriminatory manner.  See **Batson v. Kentucky,** 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2nd 69 (1986); see also **Keeton v. State,** 749 S.W. 2nd 861 (Tex.Cr.App. 1988).  Additionally, the Equal Protection Clause prohibits the exercise of peremptory challenges based on race.

A trial court faced with a challenge under **Batson** must employ a three-step analysis to determine whether or not the State's exercise of its peremptory strikes to exclude members of a certain race is purposefully discriminatory.  **Batson v. Kentucky,** 476 U.S. 79, 106 S.Ct. 1712.  First, the defendant must make a prima facie showing that the State has used its peremptory strikes in a racially motivated manner. **Purkett v. Elem,** 514 U.S. 765, 767 (1995)(per curiam).  Next, the burden of production shifts to the State, and the State is required to articulate a clear, specific, legitimate and racially neutral reason for exercising the strike.  **Id.**  Finally, the defendant must offer reasons why the State's articulated purpose in exercising its strikes is a pretext.  **Id.**  If the defendant is able to show that the State's reasons for striking jurors of a particular racial group was merely a pretext to allow the State to remove members of that group, the trial court should grant the defendant's **Batson** challenge and order a new jury panel.  If not, the trial goes on with the same jury.

On review, the appellate court must determine whether the trial court's findings are clearly erroneous.  The lower court's determination that a party has used peremptory strikes in a discriminatory manner is a finding of fact and thus cannot be overturned by the reviewing court absent clear error.  **Hernandez v.**

**New York**, 500 U.S. 352, 111 S.Ct. 1859, 1871, 114 L.Ed.2d 395 (1991).

To determine whether the fact-finder's decision is "clearly erroneous"
appellate courts look to the record to see if they are left with the
"definitive and firm conviction that a mistake has been committed."
**United States v. Fernandez**, 887 F.2d 564, 567 (5th Cir. 1989) citing
and quoting **Anderson v. City of Bessemer City**, N.C., 470 U.S. 564, 573,
105 S.Ct. 1504, 1511; 84 L.Ed.2d 518 (1985).

In Saldivar, the trial court did not conduct an analysis
pursuant to the three prong test enunciated in **Batson** and established
as Federal Law. Additionally, the trial court clearly ruled that the
objection of the trial counsel **was timely**, because the trial court got
to the second prong of the analysis-it asked the State to articulate
an explanation for the State's use of its peremptory strikes.

The case law reviewed in the **Batson** opinion discussed where
the objection is untimely. In Saldivar, this is not so obvious.
Defense counsel could have, and did, timely make the objection;
however, the objection came at the end of a long voir dire session
and the trial counsel asked the trial court if it desired to pursue
this issue in the morning. The judge gratefully so gave permission.
(Rec.Ex.#3). In every other situation where an appellate court reviews
a trial court's decision, wide latitude is given to these decisions.
No decision of a trial court will be reversed in such a situation
unless it is clear that an abuse of discretion has occurred. The
trial court clearly viewed the objection as timely. This decision
should not have been disturbed by the Fourteenth Court.

In habeas proceedings in federal courts, the factual findings

of state courts are presumed to be correct, and may be set aside, absent procedural error, only if they are "not fairly supported by the record." 28 U.S.C. §2254(d); See **Marshall v. Lonberger,** 459 U.S. 422, 432, 74 L.Ed.2d 646, 103 S.Ct. 843 (1983). The **Batson** court explained "that the trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal...." Since the trial judge's finding, in the context under consideration here turn largely on evaluation of credibility, a reviewing court ordinarily should give those findings great deference. **Anderson v. Bessemer City,** 470 U.S. 564, 575-76, 84 L.Ed.2d 518, 105 S.Ct. 1504.

The judge, in the instant case, made no factual findings in compliance with the three pronged test of **Batson.** Indeed, the appellate court's review of the trial court ruling on the **Batson** challenge is contrary to clearly established Federal Law, and involved the unreasonable application of such law. It hardly seems reasonable for the appellate court to decide that the trial court's decision that trial counsel would be allowed to preserve the **Batson** challenge at a later time was erroneous and wrong, thus denying this important issue on appeal. It can only be argued that the Applicant's Sixth and Fourteenth Amendment rights to due process and a fair trial were unduly prejudiced by the appellate court's decision to excuse this important issue under the wrongful guise of abuse of discretion and improperly preserved evidence.

## 1. Prima facie case of purposeful discrimination

To establish a prima facie case of purposeful discrimination

in selection of the jury panel, a defendant must show that (1) he belongs to a cognizable racial group; (2) the prosecutor exercised peremptory challenges to remove members of the defendant's race; and (3) the facts and circumstances raise an inference that the prosecutor used peremptory strikes to exclude venire members because of their race. **Batson v. Kentucky,** 476 U.S. at 96, 106 S.Ct. at 1722-23, 90 L.Ed at 69.

The Applicant made a prima facie showing of purposeful discrimination in the selection of the jury panel. The trial court recognized that the Applicant made a prima facie showing of purposeful discrimination and heard the Applicant's **Batson** challenge.

## 2. The State must provide a racially neutral explanation for its challenge of particular jurors

After the defendant makes a prima facie showing that the State has exhibited purposeful discrimination in its exercise of peremptory strikes, the burden shifts to the State to offer a racially neutral explanation for its use of these peremptory strikes. **Batson,** 476 U.S. at 96-97, 106 S.Ct. at 1722-23. The State's burden at this particular point has changed in the past few years. **Batson** and its progeny have required the State to provide a clear, specific, legitimate, and racially neutral reason for exercising the strike or strikes. This showing need not rise to the level of a challenge for cause, see **Keeton v. State,** 749 S.W. 2nd at 867-68, but the well reasoned requirement was that the State articulate a legitimate reason for its exercise of presumptively purposeful discrimination in its use of peremptory strikes.

The Texas Court of Criminal Appeals established a set of factors it deemed useful in making a determination whether the State's proffered race-neutral reasons are supported by the record as well as the trial court's findings. The factors were: The reason given for the peremptory challenge is not related to the facts in the case; There was a lack of questioning to the challenged juror or a lack of meaningful questions; Disparate treatment, i.e., persons with the same or similar characteristics as the challenged juror were not struck; Disparate examination of members of the venire, i.e., questioning a challenged juror so as to evoke a certain response without asking the same question of other panel members; An explanation based on a group bias where the group trait is not shown to apply to the juror specifically. **Williams v. Texas,** 804 S.W. 2nd 95 (Tx.Cr.App. 1991); **Whitsey v. State,** 796 S.W. 2nd at 713-714.

As is obvious from the record, the State provided no explanation for its use of racially motivated peremptory strikes, ignoring the fact that the trial court had decided to hear the challenge. In reviewing the record, it becomes apparent that the trial court's main consideration was leaving for the evening. (Rec.Ex.#4). While the Applicant respectfully understands the need for judicial expediency, and has no desire to inconvenience potential jury members, such a consideration should not be in the forefront of the trial court's mind when it is determining whether or not the defendant's constitutional right to a fair and impartial trial has been compromised. Rather, the trial court should have been focusing upon the State's lack of stated reasons behind its prejudicial exercise of its peremptory challenges.

**3. The defendant offers reasons why the State's explanation is a mere pretext.**

The Fourteenth Court of Appeals based its determination upon the fact that case law suggests that the error was not preserved. This is clearly an incorrect statement of the law under the abuse of discretion standard applied to all trial courts in reviewing the entire record. While the Fourteenth Court failed to discuss the imperatives of **Purkett**, it seems necessary to discuss them at this juncture, in light of the foregoing discussion. The Fourteenth Court, though erroneously not employing **Purkett**, clearly misinterprets the requirements of **Purkett**. The Fourteenth Court seemingly interpreted **Purkett** to mean that the trial court could accept the State's explanation, or lack of one, as race neutral, without employing the third prong, or any prong of the **Batson** analysis. In essence, the trial court did not afford the Applicant the opportunity to rebut the State's reasoning as it did not require the State to put forth any reasoning, even though it had decided to hear the challenge. The Fourteenth Court compounded the error by not fully analyzing the trial court's decision under **Batson**. **Purkett** stands for the proposition that "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral". **Purkett**, 514 U.S. at 767. The fact that the State decides to not offer any explanation whatsoever does not mean that **Purkett** is somehow met, or in the alternative, is inapplicable. It is all the more so. "The inquiry does not terminate....even if the party opposing the peremptory challenge offers a 'silly or superstitious' explanation, so long as

the explanation is race neutral." **Purkett**, 514 U.S. at 768, 115 S.Ct. at 1771 (non-relevant portions omitted). This becomes all the more important when the State offers no explanation. At the third step of the process, the trial court must determine if the party challenging the strike has proven purposeful racial discrimination, and the trial court may believe or not believe the explanation offered by the party who exercised the peremptory challenge. **Id**. It is at this stage that any implausible justifications for striking potential jurors "may (and probably will) be found [by the trial court] to be pretexts for purposeful discrimination." **Id.**. Applicant is unable to put forth any rational explanation why the trial court would allow the hearing on the **Batson** challenge, and then completely ignore all the legal requirements there under. Such action clearly breaks from the requirements of clearly established Federal Law.

There is no question that the Applicant made a prima facie showing of a purposefully prejudicial exercise of the State's peremptory strikes. The State made no offer of a racially neutral explanation. The State erroneously exercised its peremptory strikes, then relied on an excuse that it was not timely preserved even though the trial court allowed the hearing on the challenge. As the State may try to argue, this was not a bill of exception for the judge had not yet made a ruling on the challenge. The Fourteenth Court of Appeals erred in not completing the **Batson** analysis, and the error cannot stand. To allow the Fourteenth Court's erroneous analysis to stand would work to eviscerate **Batson**, is contrary to the holding of **Purkett**, and would be an endorsement of the Fourteenth Court's

disregard of the clearly established Federal Law of **Batson** and its progeny.

Ground of Review No. 2

The appellate court unreasonably applied clearly established Federal Law in holding that Applicant's due process Sixth Amendment right of effective confrontation and cross-examination was not violated. The Applicant was harmed when the court of appeals upheld the trial court's failure to grant the motion for new trial based on the newly discovered, wrongfully withheld, impeachment evidence pertaining to one of the State's main witnesses.

Facts Pertaining to Grounds of Review No. 2

Applicant filed and obtained favorable pretrial rulings on her Motion to Discover Criminal Records of Witnesses (Rec.Ex.#5) and on her Motion to Produce Exculpatory and Mitigating Evidence, (Rec.Ex.#5). In response, the District Attorney's Office tendered to the Court for an in camera inspection its record search indicating no criminal history for Norma Martinez, (Rec.Ex.#6). The defense was provided no records indicating Martinez had a criminal history, (Rec.Ex.#7). The defense contended the shooting was involuntary. Norma Martinez, an employee of the hotel where the shooting occurred, gave two written statements to the police following the incident, (Rec.Ex.#8). At the time of the shooting, Martinez was standing next to fellow-employee Trinidad Espinoza, (Rec.Ex.#9). For the first time at trial, only Martinez claimed she heard applicant yell "bitch" as Applicant chased the complainant with a gun, (Rec.Ex.#10). Espinoza heard no such insult, (Rec.Ex.#11). Following the conviction, Applicant filed her

motion for a new trial claiming newly discovered impeachment evidence consisting of Martinez's criminal history. (C.R.p. 165). At the motion for new trial hearing, defense attorney Arnold Garcia testified that after the trial, he learned for the first time, Martinez was a convicted thief, (Rec.Ex.#12). At Garcia's request, the Nueces County Sheriff's Department located a criminal history using Ms. Martine 's first name and the date of birth as they appeared in DX 4 (Martinez's statement) and DX 5 (the criminal history submitted to the Court for pretrial in camera inspection), (Rec.Ex.#12).

At the time of trial, Martinez had one prior theft conviction based on the aggregation of two separate incidents of theft in Cause No. 90-0572-3, and one pending theft charge with an active capias warrant for failure to appear in Cause No. 90-5360-3. She pleaded guilty in Cause No. 90-5360-3 shortly after this trial, (Rec.Ex.#13). The opinion of the Fourteenth Court erroneously opined that although the State breached its duty to disclose impeachment evidence by failing to disclose State witness' criminal history, this criminal history was not material to the outcome of a murder prosecution, and thus, the State's failure to disclose the criminal history did not violate Applicant's due process rights. **Saldivar**, 980 S.W. 2nd at 486.

<u>ARGUMENTS AND AUTHORITIES</u>

Article 2.01 of the Texas Code of Criminal Procedure provides in pertinent part:

> It shall be the primary duty of all prosecuting
> attorneys, including any special prosecutors,
> not to convict, but to see that justice is done.

32

They shall not suppress facts or secrete
witnesses capable of establishing the
innocence of the accused.  Tex.Code Crim
Proc.Ann. art. 2.01 (West Supp. 2002).

The State's duty to disclose evidence favorable to the
defendant is an extension of **Mooney v. Holohan,** 294 U.S. 103, 55 S.Ct.
340, 79 L.Ed. 791 (1935).  In **Mooney,** the Supreme Court established
the general rule that a prosecutor's knowing use of perjured testimony
violated the defendant's right to due process under the Due Process
Clause of the Fourteenth Amendment to the United States Constitution.
**Mooney,** 294 U.S. at 112, 55 S.Ct. at 342.  See also, **Pyle v. Kansas,**
317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942).  In **Alcorta v. Texas,**
355 U.S. 28, 78 S.Ct. 103, 2L.Ed.2nd 9 (1957), the Supreme Court
expanded the rule in **Mooney** and held the prosecutor's knowing failure
to correct a witness' perjured testimony denied the defendant due
process.  The Court noted the prosecution's failure to correct a
witness' perjured testimony, which would have supported the defendant's
theory of mitigating circumstances, prevented the defendant from
effectively corroborating his own defensive theory.  **Alcorta,** 355 U.S.
at 31, 78 S.Ct. at 105.  The Supreme Court expanded the prosecutorial
duty to correct perjured testimony to include perjured testimony which
related to the witness' credibility and not just the facts of the case.
**Napue v. Illinois,** 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2nd 1217 (1959).
In **Napue,** the Court held a prosecutor's knowing failure to correct
perjured testimony which related to the witness' credibility violated
the defendant's right to due process.  **Napue,** 360 U.S. at 269, 79 S.Ct.

at 1177.

In **Brady v. Maryland,** 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.
2nd 215 (1963), the Supreme Court recognized the underlying principle
of **Mooney** was not punishment of society for the misdeeds of a prosecutor
but avoidance of an unfair trial to the accused.  Society wins not only
when the guilty are convicted but when criminal trials are fair; our
system of the administration of justice suffers when any accused is
treated unfairly.  **Brady,** 373 U.S. at 87, 83 S.Ct. at 1197.

Because **Brady** was aimed at ensuring that an accused receives
a fair trial rather than punishing the prosecutor for failing to disclos
favorable evidence, the prosecution's obligation to disclose is not
measured by the moral culpability, or the willfulness of the prosecutor.
**United States v. Agurs,** 427 U.S. 97, 100, n. 17, 96 S.Ct. 2392, 2400,
n. 17, 49 L.Ed. 2nd 342 (1976); **U.S. ex rel. Smith v. Fairman,** 769
F.2d 386 at 392 (7th Cir. 1985).  In **Brady** cases, the good or bad
faith of the State is irrelevant for due process purposes.  **Thomas,**
841 S.W. 2nd at 402.

The Supreme Court in **Moore v. Illinois,** 408 U.S. 786, 92 S.Ct.
2562, 33 L.Ed. 2nd 706 (1972), interpreted **Brady** as establishing a
three prong test for when nondisclosure of evidence favorable to the
accused violates the Due Process Clause.  Under this test, the accused
had to establish:  1) suppression by the prosecution after a request
by the defense; 2) the evidence's favorable character for the defense;
and 3) the materiality of the evidence.  **Moore,** 408 U.S. at 797 795,
92 S.Ct. at 2568.

Although there is no duty to provide defense counsel with