IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR, | § | |
| TDCJ NO. 733126, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1026 |
| | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## RESPONDENT QUARTERMAN'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

Petitioner, Yolanda Saldivar, ("Saldivar") was convicted and sentenced to life imprisonment by a Texas state court for murder. She now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over this action. However, Saldivar's petition is untimely and should be dismissed as time barred. Respondent Nathaniel Quarterman ("Director") denies all of Saldivar's assertions of fact except those supported by the record or specifically admitted herein. The Director opposes any future motions filed by Saldivar, and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

The Director has lawful custody of Saldivar pursuant to a judgment and sentence in cause number 704424 from the 228th District Court of Harris County, Texas, entitled *The State of Texas v. Yolanda Saldivar*. Clerk's Record ("CR") at 2. Saldivar was charged by indictment with one count of murder with a deadly weapon. *Id.* Saldivar pleaded not guilty, and on October 26, 1995, following a jury trial, she was found guilty as alleged, and sentenced to life imprisonment. *Id.* at 162.

Saldivar appealed, and on October 1, 1998, the Fourteenth Court of Appeals of Texas affirmed the trial court's judgements. *Saldivar v. State*, 980 S.W.2d 475 (Tex. App.–Houston [14th Dist.] 1998). Saldivar's subsequent petition for discretionary review was refused by the Texas Court of Criminal Appeals on August 18, 1999. *Saldivar v. State*, No. PD-0515-99 (Tex. Crim. App. 1999).

In her petition, Saldivar claims that she filed a state habeas application on in the 214th Judicial District Court of Nueces County on September 23, 2000. However, neither Nueces County nor the Texas Court of Criminal Appeals has any record of a state habeas application filed by Saldivar. *See* Exhibit A (affidavit from the 214th District Court); Exhibit B (affidavit from the Texas Court of Criminal Appeals). Furthermore, the outgoing prison legal mail logs do

not indicate Saldivar mailed any legal documents to any court between August 1, 2000 and October 15, 2000. *See* Exhibit C (prison mail logs and accompanying affidavit).

On April 2, 2008, Saldivar filed a motion to file a petition for writ of mandamus directly with the Texas Court of Criminal Appeals. *Saldivar v. State*, No. WR-69,661-01 (Tex. Crim. App. 2008). The Texas Court of Criminal Appeals denied Saldivar leave to file on May 21, 2008. *Id*.

Saldivar filed the instant petition on March 27, 2008. Her state court records have been sent to this Court under separate cover.

## PETITIONER'S ALLEGATIONS

The Director understands Saldivar to allege that:

1. Her attorney was ineffective for failing to preserve error related to a *Batson* issue in jury selection;

2. The trial court erred in failing to grant a motion for new trial based on an alleged *Brady* violation;

3. The trial court erred in admitting Saldivar's written confession;

4. The trial court erred in allowing the admission of extraneous misconduct, and by refusing to give a limiting instruction following admission of that evidence;

5. The prosecutor impermissibly commented on Saldivar's failure to testify; and

6. The trial court erred in denying Saldivar's request for a jury instruction on sudden passion.

Fed. Writ Pet. at 7-7b.[1]

## EXHAUSTION OF STATE COURT REMEDIES

The statute of limitations is a threshold issue which precludes any consideration of the merits of Saldivar's claims. Therefore, because Saldivar's petition is barred by the federal habeas corpus statute of limitations, any inquiry into exhaustion is unnecessary to the resolution of this motion. Pending consideration of the instant pleading, the Director specifically reserves the right to argue whether Saldivar's claims are barred by the procedural default doctrine and whether Saldivar sufficiently exhausted her state court remedies as required by 28 U.S.C. Sections 2254(b) and (c).

## MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

A party seeking a summary judgment "bears the initial burden of 'informing the district court of the basis for the motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant presents a properly supported motion for summary judgment, "the burden shifts to the nonmoving party to show with 'significant

---

[1] Saldivar included two pages between pages 7 and 8 of her state habeas petition. She labeled these pages 7a and 7b.

4

probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F3d 1285, 1295 (5th Cir. 1994)).

In federal habeas cases, however, the parties' summary judgment burdens must be viewed under the deferential scheme of the 1996 amendments to the federal habeas corpus statute embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831, (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless a habeas petitioner can "rebut [ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, they must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir.2002). Here, the record shows the Director is entitled to judgment as a matter of law.

I. **Saldivar's claims are barred by the statute of limitations embodied within AEDPA.**

As it relates to Saldivar's claims for federal habeas corpus relief, AEDPA provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Saldivar's petition for discretionary review was refused on August 18, 1999. *Saldivar v. State*, No. PD-0515-99. She did not file a petition for writ of certiorari with the United States Supreme Court. Fed. Writ Pet. at 3. Therefore, the statute of limitations with regard to this petition started to run on the date on which Saldivar's judgments became final by the expiration of the time for filing a petition of writ of certiorari. 28 U.S.C. §§ 2244(d)(1)(A). Per Rule 13 of the Rules of the Supreme Court of the United States, Saldivar had ninety days from the time the Texas Court of Criminal Appeals refused her petition for discretionary review to file a petition for writ of certiorari with the Supreme Court. Thus, for purposes of calculating the statute of limitations with regard to this petition, Saldivar conviction became final on November 16, 1999, ninety days after her petition for discretionary review was refused. 28 U.S.C. §§ 2244(d)(1)(A). Absent tolling, Saldivar had until November 16, 2000 to timely file a federal habeas corpus application challenging her conviction. *Id.*

While Saldivar claims that she filed a state habeas application with the 214th Judicial District Court of Nueces County, Texas on September 23, 2000 (*see* Fed. Writ Pet. at 3), that court has no record of her filing such a petition. Exhibit A. Likewise, the Texas Court of Criminal Appeals has no record of receiving a state habeas petition in this case. Exhibit B. Furthermore, the outgoing prison mail logs for the period from August 1, 2000 through October

15, 2000, do not indicate that Saldivar sent any correspondences to any court during that period. Exhibit C. Finally, even if Saldivar *had* filed a state habeas application in that court, it would have been improperly filed, because she was tried in the 228th District Court of Harris County, Texas. CR at cover; *see* Tex. Code Crim. Pro. art. 11.07 § 3(b) ("An application for writ of habeas corpus filed after final conviction in a felony case . . . must be filed with the clerk of the court in which the conviction being challenged was obtained"). Thus, Saldivar cannot claim that any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" should toll her deadline for filing the instant petition. 28 U.S.C. § 2244(d)(2).

The record in this case does not reflect, nor has Saldivar asserted, that any unconstitutional state action impeded her ability to file this petition earlier, or that her claims concerned any newly recognized constitutional right made retroactive to cases on collateral review as announced by the United States Supreme Court. Therefore, the provisions of 28 U.S.C. §§ 2244(d)(1)(B) and (C), supra, do not apply, and this Court should dismiss the instant petition with prejudice, as time barred.

### B. Saldivar cannot establish any claim of equitable tolling.

Saldivar does not, and can not, allege any justification for this Court granting equitable tolling. The Fifth Circuit has held that equitable tolling

should be applied only if the relevant facts present sufficient "rare and exceptional circumstances" that warrant application of the doctrine. *Flores v. Quarterman*, 467 F3d 484 (5th Cir. 2006) (citations omitted); *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999) (quoting *Davis*, 158 F.3d at 811). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Grooms v. Johnson*, 208 F.3d 488, 489-90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d, at 403. A "garden variety claim of excusable neglect" does not support equitable tolling. *Rashidi*, 96 F.3d, at 128. In this circuit, ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999).

A petitioner seeking to invoke equitable tolling bears the burden of proof in establishing her entitlement to the same. *Saldivar v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In this case, Saldivar has not shown, nor can she show, that she was actively mislead in any way or that the State created extraordinary circumstances to justify equitably tolling her case. In fact, Saldivar never filed

a state habeas application, and waited over eight years from the time her conviction was final before filing the instant petition. Because Saldivar chose not to raise her claims in a timely manner, she voluntarily subjected herself to the consequences of her own inaction. "[E]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 713 (citing *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Saldivar has failed to establish that she is entitled to equitable tolling. Her petition is untimely as a matter of law and should be summarily dismissed with prejudice, as time barred.

## CONCLUSION

For the above reasons, the Director respectfully requests that the Director's Motion for Summary Judgment be granted, that Saldivar's petition for writ of habeas corpus be dismissed with prejudice, and that no certificate of appealability issue. If this Court finds that Saldivar's petition is not time-barred, the Director respectfully requests an additional thirty days to otherwise answer Saldivar's petition.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN

First Assistant Attorney General

ERIC J. R. NICHOLS
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division

　/s/ Carole S. Callaghan　
CAROLE S. CALLAGHAN*
*Lead Counsel  Assistant Attorney General
Postconviction Litigation Division
State Bar No. 24050370
Southern Dist. Bar No. 630505

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the Court will permit.

　/s/ Carole S. Callaghan　
CAROLE S. CALLAGHAN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading was served by placing same in the United States mail, postage prepaid, on this the 10th day of July, 2008, addressed to :

Yolanda Saldivar
TDCJ-CID No. 733126
Murray Unit
1916 North Hwy 36 Bypass
Gatesville, Texas 76596

                                             /s/ Carole S. Callaghan
                                             CAROLE S. CALLAGHAN
                                             Assistant Attorney General