IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 3 2009

Michael N. Milby, Clerk

| YOLANDA SALDIVAR, #733126 | * |
| :--- | :--- |
| PETITIONER | * |
| v. | * CIVIL ACTION NO. H-08-1026 |
| NATHANIEL QUARTERMAN, | * |
| DIRECTOR OF TDCJ-CID | * |
| RESPONDENT | * |

## PETITIONER'S OBJECTIONS TO

## MAGISTRATE JUDGE'S FINAL JUDGMENT

Petitioner, Yolanda Saldivar, appeals to this Court for review under 28 U.S.C. §636(c)(3), vacate Magistrate's Judge final judgment under 28 U.S.C. §636(c)(4), urges Fed.Rule. Civ.Pro. Rule 56(f) to obtain affidavits, pleas for leave of Court to amend petition under Fed.Rule.Civ.Pro. Rule 15(a), and to allow entry of attorney letters not previously available under Fed.Rule.Civ.Pro. Rule 34. The Magistrate Judge ruled Petitioner's federal writ is time-barred. Evidence exist that Petitioner's state writ was timely filed, remains pending and her statute of limitation remains tolled.

STATEMENT OF THE FACTS

AND PROCEDURAL HISTORY

Petitioner attacks the judgment and sentence entered by the 228th Judicial District Court of Harris County, Texas, in Cause Number 704424. The case was tried to a jury. After hearing all the evidence, the jury convicted Petitioner of murder and sentenced her to life imprisonment. Petitioner appealed her conviction. On October 1, 1998, the14th Court of Appeals affirmed the conviction. Petitioner filed a petition for discretionary review which was subsequently refused by the Texas Court of Criminal Appeals ("TCCA") on August 18, 1999. Petitioner filed Article 11.07 Application to the TCCA on September 23, 2000 and to the 214th Judicial District Court of Nueces County, Texas. On March 27, 2008, Petitioner filed, contemporaneously with the filing of the application for writ of habeas corpus with the Southern District of Texas, a writ of mandamus to the TCCA which was denied on May 21, 2008. On February 2, 2009, Respondent's Motion for Summary Judgment was granted.

## ARGUMENTS AND AUTHORITIES

Under 28 U.S.C. Magistrate Judge § 636 it states:
Notwithstanding any provision of law to the contrary----

- (b)(1)(A) A Judge of the Court may reconsider any.... matter...where it has been shown that the Magistrate Judge's order is clearly erroneous contrary to law.

- (B) A Judge may designate a Magistrate Judge... to submit to a Judge of the Court proposed

2

    findings of fact and recommendations....

 (C) The Magistrate Judge shall file his proposed findings and recommendations under subparagraph (B) with the Court and a copy shall forthwith be mailed to all parties.

Within 10 days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A Judge of the Court shall make de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A Judge of the Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. The Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

 (c)(1) Upon the consent of the parties, a full-time U.S. Magistrate Judge.....may conduct...all proceedings.....and order the entry of judgment..

 (3) Upon entry of judgment in any case referred under paragraph (1)...an aggrieved party may appeal directly to the appropriate U.S. Court of appeals from the Judgment of the Magistrate Judge in the same manner as an appeal from any other Judgment of a District Court.

The Magistrate Judge ruled that Petitioner had made no allegations that the state imposed an unconstitutional

3

impediment to the filing of her petition for federal relief. 28 U.S.C. §2244(d)(1)(B). (See Feb. 2, 2009 Opinion and Order, Statutory Limitations Issue at 4). In **Lonchar**, 517 U.S. at 324, 116 S.Ct. 1293 states: "We must be cautious not to apply the statute of limitations too harshly. Dismissal at a first habeas petition is a particularly serious matter, for that dismissal denies petitioner the protections of the Great Writ entirely, risking injury to an important interest in Human Liberty". 28 U.S.C. §2254(b)(1) states: "an application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to theJudgment of a state court **"SHALL NOT BE GRANTED UNLESS"** it appears that:

(A) the applicant has **"EXHAUSTED"** the remedies available in the courts of the state; or
(B) there is an absence of available state corrective process; or
  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Petitioner made this alleged argument in her response to Respondent's Motion for Summary Judgment at 4-8. The State contended she had not filed her state writ and Petitioner responded she had and submitted evidence to that. In **Coleman v. Johnson**, 184 F.3d at 400, he submitted with his objections to the recommendations an affidavit. Petitioner submits with her objections this allegation: Relying on Federal Statute

4

§2254(b)(1) for guidance, it directs that an application for a Writ of Habeas Corpus **"PURSUES"** to the judgment of a state court. Petitioner could not have sought federal relief without a judgment upon her state writ relying on §2254(b)(1)(A) for compliance. The state's failure to rule upon her writ **"impeded"** Petitioner to go forward in filing petition for federal relief. This is unconstitutional. Therefore, statutory exceptions embodied in §2244(d)(1)(B-D) do apply. Petitioner's one-year statute of limitation remains tolled. 28 U.S.C. §2244(d)(2). It further provided a circumstance that rendered such process (i.e., filing her federal writ) ineffective thereby violating Petitioner's constitutional rights. §2254(b)(1)(B)(ii). While "equity is not intended for those who sleep on their rights", **Coleman**, 184 F.3d at 402, Petitioner offers this argument. **Coleman** upon <u>receiving a denial</u> to his state writ "slept on his right" to file a federal writ. Petitioner has <u>not received a denial</u> on her state writ and federal statute §2254(b)(1)(A) prohibits her to move forward. In Fed.Rule.Civ.Pro. Rule 11, the court is given the discretion to incorporate F.R.C.P. when appropriate, so civil Rule 15(a) may be used to allow Petitioner to amend his petition, which states: "a party may amend....by leave of court...when justice so requires. Petitioner submits her amended petition.

The Magistrate Judge further ruled: "waiting approximately eight years for the state court to take any action on her petition is simply not reasonable, particularly in the absence

5

of any evidence that Petitioner pursued or even inquired of any of her attorneys regarding the delay". Petitioner is under a Texas Department of Corrections rule that states inmates are not to maintain excessive paperwork in their possessions for safety reasons and since inmates have a very limited space to store things, Petitioner could not store extra letters from her attorneys. Petitioner was also under very minimal time frame to respond to the Magistrate Judge making it difficult to obtain attorney letters from her storage at home because her reliable source became ill. Nonetheless, she provided the Judge with what she had at that time. She submitted just three of many letters. Petitioner submits to this Court and with her objections some letters she was able to obtain since September 2008 of her attorneys.

Mr. Berchelmann and Ms. Kramer filed Petitioner's state writ on September 23, 2000. After 2002, he became so ill and died in September 2003. In the interim, they kept up with the status of the state writ. After his death, Ms. Kramer continued with Petitioner only because she was preparing her Writ of Mandamus and 2254 Federal Writ from October 2003 to April 2005. When she finished the work, she handed all paperwork over to Mr. Allan Manka who was hired by Petitioner's family in 2004. Petitioner is not able to get Mr. Manka's letters at this time to send to this Court. In the summer of 2005 while Mr. Manka was reviewing Petitioner's Writ of Mandamus and 2254 Federal Writ for its accuracy, he suffered the untimely

deaths of his parents. He could no longer represent Petitioner and she no longer could afford attorneys fees so she took it upon herself to file her own appeals. During October 2005 and January 2007, Petitioner had to review the work Ms. Kramer had done for its accuracy. Again, prison officials only allow inmates to research the law or cases three days a week and only three copies (not the law books themselves) of cases or law per day. This was time consuming. Petitioner's family hired Mr. Roland Moore on February 2, 2007 without Petitioner's knowledge. He did his assessment and concluded her case was closed. Petitioner was not satisfied with that and filed her Writ of Mandamus and 2254 Federal Writ on March 27, 2008. (See Exhibit A for copies of attorney letters).

The Magistrate Judge erred in dismissing Petitioner's challenge to her conviction on the merits that there is "no indication on the face of the receipt of the nature of the document..." There is no law that requires for anyone to identify the nature of a document being mailed out nor does the certified return receipts require it. It simply states, "Article Address to". For anyone deciding to indicate the contents of a package or the nature of a document on a return receipt is an individual matter for caution purposes. For the Magistrate Judge to hinge this unlawful requirement on Petitioner violates her privacy rights. The post office is a federal institution and had Petitioner's attorney, Ms. Kramer, used that institution to mail anything but a legal document, she

could and should have been subjected to a federal investigation. In addition, Petitioner by mailing copies of these return receipts to a Magistrate Judge risk prosecution if they are fraudulent, deceptive or surreptitious. The Magistrate Judge states in his footnote the following:

> "In the 2007 letter, Kramer communicated to Petitioner that she felt sure attorney Berchelman filed the state writ..."

He might have paraphrased Ms. Kramer, but the letter states:

> "There can be no doubt that the writ was filed, not only because of the green card proof...I know, I gave them the green cards".

And in paragraph two, she further states:

> "With reference to the adequacy of the writ, although at the time that **I WROTE THE WRIT**..."

Ms. Kramer clearly states she worked on Petitioner's state writ, she mailed and obtained prove of their deliverance through the green card proof who then gave them to Mr. Manka. Petitioner has tried very hard to contact Ms. Kramer for an affidavit through certified mail on July 16, 2008 and through her family calling her but she has failed to answer at all.

> Federal Rule of Civil Procedure Rule 56(f) states:
> When Affidavits are unavailable: should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the

8

court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Petitioner is not without amazement that she finds herself searching to discover the whereabouts of her state writ. On the motion for re-trial, Petitioner's attorney argued that certain documents submitted to the trial court had gone missing. The state filed a motion to have a duplicate be made available for the court record and the motion was granted. Later, through the media, it was discovered that other court reporter documents on this case were found in the court reporters hom in her garage. The District Attorney prosecuting this case ordered her to return them. If time is permitted to Petitioner, she can make these articles available to this Court.

The state submits to the Magistrate Judge an affidavit from the Nueces County Clerk (Ms. Maria C. Ventura) and from the Court of Criminal Appeals (Ms. Louis Pearson) indicating no record of Petitioner's state writ. In March 27, 2008, Petitioner filed her Writ of Mandamus to the Court of Criminal Appeals and notices that the same person who accepted the Writ of Mandamus via certified return receipt was the same person who accepted Petitioner's state writ in September, 2000. On July 30, 2008, Petitioner notified the Court of Criminal Appeals of this providing them with a copy of the certified return receipt and requesting an affidavit. Petitioner address her

9

letter to Ms. Pearson who had identified herself as the Clerk of the Court in a previous letter to Petitioner. TCCA never answered Petitioner's request for an affidavit. Petitioner made the Magistrate Judge aware of this in her response to Respondent's Summary Judgment at 7. Petitioner can do no more other than to ask for affidavits and hopefully they will comply with her request. The State Bar offers the public an avenue to complain when attorneys refuse to answer clients request that is crucial to the status of a criminal case that they were involved with, past or present. This is why Petitioner is urging Fed.R.Civ.Pro. 56(f). Petitioner has once again contacted Ms. Kramer on February 4, 2009. The Magistrate Judge accepts the affidavits from two individuals submitted by the state, but fails to reject them on the basis that neither of these two women are shown on the return receipt slips to have received Petitioner's state writ. Petitioner offers two affidavits from two lay people who offer their testimony they encountered at the Nueces County Clerk's office when obtaining court documents. These affidavits are unsworn and Rule 56(f) will allow Petitioner to correct them.

It was not for "lack of knowledge of the filing deadlines", or the "lack of representation", or "unfamiliar with the legal process", or because of "ignorance of legal rights" that Petitioner has just now submitted her Federal Writ. She was aware of the federal statute of limitation of one-year, she had legal representation, she knew that to file a federal writ

all state remedies had to be exhausted and knew it was her right to file such writs. The issue before her was thestate stalling her to proceed with diligence in filing for federal relief as 28 U.S.C. §2254(b)(1)(A) so directs her. Her attorney, Ms. Kramer, worked on a Writ of Mandamus filed then by Petitioner which was denied. Petitioner had to make sure the work done by Ms. Kramer on the 2254 federal writ was correct and within the legal structure. Petitioner filed her federal writ and Respondent's Summary Judgment was granted. Petitioner now submits her objections to the Magistrate Judge's finding of facts and urges review by this Court, to vacate final judgment and allow F.R.C.P. Rule 56(f) to go forward. District Courts guided by precedent, must examine each case on its facts to determine where it presents sufficient "rare and exceptional circumstances"to justify equitable tolling. **Davis**, 158 F.3d at 811. For example, the Third Circuit finds tolling proper "only when the principles of equity would make the rigid application of a limitation period unfair" generally when "the Petitioner has in some extraordinary way....been prevented from asserting his or her rights" despite exercising "due diligence in investigating and bringing the claims". **Miller**, 145 F.3d at 618-19 (alterations in original; quotations omitted. Petitioner has been prevented by statutory impediment of 28 U.S.C. §2254(b)(1)(A) in asserting her rights to file for federal relief unless state remedies have been exhausted.

Petitioner makes this argument that requires careful review by this Court. Petitioner emphatically raises and discusses the unconstitutional impediment of 28 U.S.C. §2244(d)(1)(B) in her response to Respondent's Answer at 13. It States:

(a) the state court **prevented** Petitioner to filea federal habeas petition by not ruling on her state habeas application in order to exhaust all her state remedies;

(b) Petitioner did pursue her 2254 relief by complying with every law requirement in a post conviction process before filing a federal habeas petition;

Petitioner mentions "the state court **prevented** her to file a federal habeas petition" indicating **'impediment'**. She mentions the statute 28 U.S.C. §2244(d)(1) in her response to Respondent's Answer at 8 but here she fails to print the subsection letter (B) of that same statute. Petitioner also mentions in (a) above "in order to exhaust all her state remedies" referencing to the statute which she cites "2254" in (b) above but fails to print the subsection letter (A) of that same statute. Two minor oversights. Petitioner did alleged the state imposed an unconstitutional impediment to the filing of her petition for federal relief. For arguments set forth, Petitioner appeals for 28 U.S.C. §636(c)(4) which states: The court may......vacate a reference of a civil matter to a magistrate judge under this subsection.

12

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Petitioner requests that this petition be granted. If this Court finds reason to deny this petition, Petitioner request a Certificate of Appealability.

Respectfully Submitted,

*Yolanda Saldivar*

Yolanda Saldivar
TDC #733126
Lane Murray Unit
1916 N. Hwy 36 By Pass
Gatesville, Texas 76596

## CERTIFICATE OF SERVICE

I, Yolanda Saldivar, do hereby certify that the foregoing document was filed in the United States District Court, Southern District on the  11th  day of  February, 2009.

*Yolanda Saldivar*

Yolanda Saldivar

## CERTIFICATE OF SERVICE (CON'T)

I, Yolanda Saldivar, do hereby certify that the foregoing document was mailed via certified mail to the Attorney General's Office, Ms. Carole S. Callaghan, Assistant Attorney General, Postconviction Litigation Division, P.O.Box 12548, Capitol Station, Austin, Texas 78711-2548 on __11th__ day of February, 2009.

*Yolanda Saldivar*
Yolanda Saldivar
Petitioner


I, Yolanda Saldivar, do hereby certify that the foregoing document was mailed via certified mail to Mr. Michael Bozarth, Chief, Habeas Corpus Division, (Mail Code 066), P.O.Box 12548, Austin, Texas 78711-2548 on __13rd__ day of February, 2009.

*Yolanda Saldivar*
Yolanda Saldivar
Petitioner

# EXHIBIT A

*Law Offices  
of*  
**William G. Berchelmann**

*101 Stumberg*  
*San Antonio, Texas 78204*

*Office Phone*  
*210-225-5215*

July 23, 2002

Yolanda Saldivar  
TDCJ#733126  
1916 N. Hwy. 36 by Pass  
Gatesville, Texas 76596

Dear Yolanda,

    I received your letter which caused me great concern. I hope to God you are doing better. I spoke with Warden Adams at the Murray Unit and she said the reason you were transferred was because Gatesville is being closed. Warden Adams said you are in protective custody, although, it is a little bigger than you are used to. She said you are not being disciplined and none of your privileges are being taken away. I urged to her your concern for your safety and she assured me that she would make sure that her staff would follow all procedures in relation to protective custody. Warden Adams said this is there first protective custody unit at Murray and so they might make some mistakes. If any problem arise, she wants to be notified immediately either by you or me. Make sure you document everything. I also told her you were having medical problems and she said she would send someone from medical to check on you, let me know if they don't!

    As far as your case, Suzanne is preparing the Writ of Mandamus to be filed in the Court of Criminal Appeals. As soon as it is filed, than we should get a ruling from them soon, and Carlos Valdez and the Court in Corpus Christi will be barred from filing a response. In essence, the only thing the Court will be able to consider is our points of error which is real good for us. No promises, but we are in a good position.

    P.S. Let them destroy all the evidence, cause the burden of proof is on the State so if we get a new trial the State will have no evidence to bring against you, therefore, will not be able to meet their burden!

    Hang in there, keep positive and let me know how things are going. if you have any problems or concerns, let the Warden know and document everything.

May God Bless You,

William G. Berchelmann

WGB/ey

# Law Offices of
# William G. Berchelmann

101 Stumberg
San Antonio, Texas 78204

Office Phone
210-225-5215

February 6, 2003

**<u>HAND-DELIVERED</u>**
Maria Elida Saldivar

Re: Yolanda Saldivar

Dear Ms. Maria Elida Saldivar:

Thank you for the opportunity to review and work on your sister's case. I am sorry that I have been out of the office for the past five months due to my medical condition. As you well know, I have undergone five surgeries due to cancer. I understand you have been completely satisfied with my work up until the point of my unfortunate absence. I know Yolanda is anxious and I don't blame her.

As per your request, I am returning the file in it's entirety, to-wit:

1) Blue binder with it's original items/documentation,
2) All original and/or copied paperwork brought in to my office by Maria Saldivar,
3) Original Money Order #97005589040 in the amount of $50.00 made out to Yolanda Saldivar from Mr. Alfred Torres,
4) VHS tape of Yolanda Saldivar's interview with Maria Seleste,
5) VHS tape of the interview of Paula Rivera and Robert Garza the Texas Rangers and
6) Previously returned a Green binder with original documents hand-delivered to Maria Saldivar.

I regret I could not be of further assistance to you or your family on this matter and thank you for having given me the opportunity.

I wish you and your family all the best.

Sincerely,

William G. Berchelmann

WGB/ey
Encl. as stated