IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR, #733126 | * | |
| PETITIONER | * | |
| v. | * | CIVIL ACTION NO. H-08-1026 |
| NATHANIEL QUARTERMAN, | * | |
| DIRECTOR OF TDCJ-CID | * | |
| RESPONDENT | * | |

## PETITIONER'S "SUPPLEMENTAL" TO

## HER OBJECTIONS

Petitioner supplements her objections with the following:

The Magistrate Judge ruled that Petitioner made no allegations that the state imposed an unconstitutional impediment to the filing of her petition for federal relief. Petitioner mentions in her Fed Writ Pet. at 3 that her 11.07 Application is pending and that a Writ of Mandamus was filed to the Court of Criminal Appeals on March 27, 2008 on the grounds that her 11.07 Application had not been ruled upon. Fed. Writ Pet. at 4. In the **"Statement of the Facts...."**, Petitioner makes a direct reference to the allegation of the state imposing an unconstitutional impediment without citing federal statute 28 U.S.C. §2244(d)(1)(B) by stating, "the trial court has failed to take action upon Applicant's application for writ of habeas corpus, and Applicant has

filed.....a writ of mandamus....so as to comply with State exhaustion rules. Fed. Writ Pet. at 18. What are these rules? They are U.S.C. §2254(b)(1)(A) which states: "the applicant has exhausted the remedies available in the courts of the state". Petitioner argues what impedes her from filing for federal relief without citing the statute, but nonetheless argues the allegation. The State's action created (by not ruling on her 11.07 application) an impediment to filing an application in violation of the Constitution (which prompted Petitioner to file a Writ of Mandamus). She is clear and precise. Petitioner did not use the word "prevented" in her Fed. Writ Petition but used "not abrogate" which means to cancel or repeal by authority "her continuing appellate rights."

CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner request that this supplement be granted. Petitioner informs this Court that she is unable to make a foregoing copy of this supplement to the opposing party because The Warden has made an error in judgment and Petitioner is unable to obtain the postage needed to sent this supplement via certified mail nor to send any other mail legally or otherwise. Petitioner request that she be given time to submit a foregoing document to the opposing party at a later time.


Respectfully Submitted,

*Yolanda Saldivar*
Yolanda Saldivar, #733126
Lane Murray Unit
1916 N. Hwy 36 By Pass
Gatesville, Texas 76596


CERTIFICATE OF SERVICE

I, Yolanda Saldivar, do hereby certify that the foregoing document was filed in the United State District Court, southern District on the __13rd__ day of February, 2009.

*Yolanda Saldivar*
Yolanda Saldivar
Petitioner

February 13, 2009

United States District Court
souther District of Texas
P.O.Box 61010
Houston, Texas 77208

Re: Yolanda Saldivar v. Nathaniel Quarterman
    Civil Action No. H-08-1026

Dear Mr. Milby:

   Enclose is Petitioner's "Supplemental" to her objections submitted on February 11, 2009. Petitioner is within the 10 days in which she must respond with her objections. Please present these to the Court.

Respectfully Submitted,

*Yolanda Saldivar*
Yolanda Saldivar, #733126
Lane Murray Unit
1916 N. Hwy 36 By Pass
Gatesville, Texas 76596

YOLANDA SAUDIVAR 733126
LANE MURCARTY Unit
1916 N. Hwy 36 Bypass
Gatesville, Texas 76596

United States District Court
Southern District of Texas
FILED

FEB 17 2009

Michael N. Milby, Clerk

United States District Court
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

77208+1010