IN THE UNITED STATES DISTRICT COURT

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JUL 1 3 2009

Clerk of Court

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR, #733126 | § | |
| | § | |
| PETITIONER | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1026 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| DIRECTOR OF TDCJ-CID | § | |
| | § | |
| RESPONDENT | § | |

## MOTION FOR LEAVE OF COURT TO FILE WRIT OF ERROR

## TO REVERSE THIS COURT'S FINAL JUDGMENT ORDER

## OF FEBRUARY 2, 2009

Comes now, Yolanda Saldivar, Petitioner, and urges this Court to Review its Final Judgment Order of February 2, 2009 in this case where a plain error of substantial proportions has occurred and pleas for a reversal and deny Respondent's Summary Judgment Motion.

### ARGUMENTS AND AUTHORITIES

### I. THIS COURT'S RULING IN ERROR

A plain error is often said to be so obvious and substantial that failure to correct it would infringe a party's due process rights and damage the integrity of the judicial process. Federal Rules of Evidence Rule 103(d). A Writ of Error filing...is to obtain a reversal of the judgment, either by reason of some error in fact affecting the validity and regularity of the legal decision itself, or on account of some mistake or error in law

apparent upon the face of the record from which the judgment appears to have been given for the wrong party. Benjamin J. Shipman, Handbook Winthrop of Common Law Pleading, §337 at 538 (Henry Winthrop Ballantine ed. 3d ed. 1923). A substantial error is an error that affects a party's substantive rights or the outcome of the case. Prejudice is damage or detriment of one's legal rights or claims. Legal prejudice is a condition that, if shown by a party, will usually defeat the opposing party actions.

In order to explain the ERROR of this Court's ruling, Petitioner offers the following series of events:

### MARCH 27, 2008

Petitioner files her 2254 Federal Writ of Habeas Corpus with this Court and a Writ of Mandamus to The Court of Criminal Appeals ("TCCA") regarding state's inaction to her state writ of habeas corpus. (File Court No. H-08-1026)

### APRIL 7, 2008

Judge Froeschner ORDERS and requires Respondent to file an answer to Petitioner's Federal Writ. (**See Exhibit A** - a copy of the Judge's Order).

### MAY 21, 2008

Petitioner's Writ of Mandamus is denied by the TCCA.

### JULY 10, 2008

Responent files a Motion for Summary Judgment requesting that this Court find Petitioner's Federal Writ as time-barred claiming Petitioner NEVER filed a state writ of habeas corpus in the convicting court. He provides:

--an affidavit from the Harris County 228th District Court
Deputy Clerk Ms. Paula Gibson CLAIMING "THAT A WRIT OF
HABEAS CORPUS WAS NOT FILED WITH HARRIS COUNTY IN 2000..."

--an affidavit from the TCCA Deputy Clerk CLAIMING THAT
"SHE HAS FOUND NO 11.07 POST-CONVICTION WRIT OF HABEAS
CORPUS..."

--an affidavit from the Texas Department of Criminal Justice
prison logs custodian Joy Scott providing records from
August 1, 2000 through October 1, 2000.

(**See Exhibit B** - copies of these affidavits).

### AUGUST 22, 2008

Petitioner files a response as "ORDERED" to Respondent's
Summary Judgment providing proof that Petitioner's state writ
of habeas corpus was indeed filed as she has always contended.
(**See Exhibit C** - copies of these proofs).

### OCTOBER 27, 2008

Judge Froeschner rules that Respondent "INADVERTENTLY ATTACHED
AN AFFIDAVIT FROM THE CLERK IN HARRIS COUNTY, NOT NUECES COUNTY,
IN SUPPORT OF HIS MOTION (DOC. NO. 9, EX. A) See generally
**Ex parte Meade**, 248 S.W. 348-49 (Tex.Crim.App. 1923)(NOTWITHSTANDING
A CHANGE OF VENUE, A HABEAS CORPUS WRIT SHOULD BE RETURNED TO
THE COUNTY OF ORIGINAL JURISDICTION); **Ex parte Graham**, 64 S.W.
932 (Tex.Crim.App. 1901)(same). The Court, ORDERS RESPONDENT
TO REMEDY THE ERROR..." (**See Exhibit D** - copy of Judge Froeschner's
ORDERS).

### NOVEMBER 21, 2008

Respondent response to the above order and submits an affidavit

from the Nueces County Deputy Clerk Ms. Maria C. Ventura CLAIMING THAT "SHE SEARCHED THE RECORDS AND FOUND NO 11.07 POST-CONVICTION WRIT OF HABEAS CORPUS IN THE 214th DISTRICT COURT BETWEEN AUGUST 1, 2000 THROUGH DECEMBER 1, 2000 ON BEHALF OF YOLANDA SALDIVAR". (**See Exhibit E** – a copy of the Nueces County District Clerk's affidavit).

### JANUARY 23, 2009

Petitioner files a response to Respondent's above response and submits affidavits of 2 witnesses who spoke to Assistant District Attorney Mr. James D. Rosenkild who verified to them of Petitioner's state writ of habeas corpus as being on the floor. (**See Exhibit F** – copies of affidavits of these 2 witnesses).

### FEBRUARY 2, 2009

Judge Froeschner OPINION AND ORDER is as follows:

"In conclusion, based on the competent summary judgment evidence before the Court, there is no record that an article 11.07 state post-conviction writ of habeas corpus was ever filed by or on behalf of Petitioner. Therefore, this Court concludes that, unless equitable tolled, Petitioner's federal writ, which was not filed until March 27, 2008 is time barred by the one year limitation period". (**See Exhibit G** – copy of the Judge's order).

### FEBRUARY 11, 2009

Petitioner filed her objections claiming forcefully that her state writ of habeas corpus had indeed been filed and remains pending. Notice of Appeal to the 5th Circuit also filed.

### FEBRUARY 24, 2009

4

Judge Froeschner ORDERS the following:

"This Court concludes that Petitioner's Motion for reconsideration must be and they are hereby DNEIED". (**See Exhibit H** - a copy of the Judge's ORDERS).

## APRIL 5, 2009

Petitioner files a second Writ of Mandamus with Exhibits in Support to TCCA claiming that the first Writ of Mandamus filed on March 27, 2008 was not supported by Exhibits and was now presenting them to that Court to prove Petitioner's state writ of habeas corpus was indeed filed.

## APRIL 22, 2009

TCCA ORDERS the District Clerk of Nueces County to respond to its ORDER and file a response. (**See Exhibit I** - a copy of TCCA ORDER).

## MAY 12, 2009

Assistant District Attorney Mr. James D. Rosenkild responses on behalf of the District Clerk of Nueces County to the above ORDER:

1) On page 1, he states: "...why no action has been taken in the Relator's post-conviction application for writ of habeas corpus..." (HE COULD NOT HAVE SAID THIS UNLESS A WRIT OF HABEAS CORPUS HAD BEEN FILED).

2) On page 2, he fails to mention that after Petitioner's Petition for Discretionary Review was refused on August 18, 1999, **the 14th Court of Appeals issued a MANDATE to return Petitioner's case back to the court of original jurisdiction which is the 214th District Court in Nueces**

County.

3) On Page 2 and 3, he admits and confirms stating: "I located one such copy--perhaps that sent by Mr. Berchelmann to Judge Westergren--with a stamp indicating it [meaning the state writ of habeas corpus-emphasis Petitioner's] was "received" by the Nueces County District Court on September 26, 2000.." (THIS IS WHAT PETITIONER HAS ALWAYS CONTENDED AND CLAIMED TO THIS COURT).

4) On page 3, he continues his assertions in a deceptive way that "the Relator's attorneys NEVER filed her application for writ of habeas corpus in the 214th District Court..."

5) On page 3, he admits again, "a copy of the application was received by the Nueces County District Clerk on September 26, 2000..."

6) On page 4, he states, at no time has the Relator or her attorneys ever filed an application for writ of habeas corpus..."

7) On page 4, he states, "a copy of the Relator's application was received by the Nueces County District Clerk on September 26, 2000 and that copy is still in her possession.." (See Exhibit J - a copy of Mr. Rosenkild's letter).

### MAY 18, 2009

Petitioner files a response to Mr. Rosenkild's answer to the TCCA order claiming of Mr. Rosenkild's unwilling to admit and accept the 14th Court of Appeals MANDATE to send Petitioner's case back to the 214th District Court from the 228th District Court where the trial was held on a change of venue. This Court

recognized that the writ of habeas corpus should be returned to the court of original jurisdiction.

MAY 28, 2009

Mr. Rosenkild's reponse to Petitioner's above response continuing to deceive the TCCA claiming that:

1) On page 1, "at no time has she or her attorneys ever filed an application for writ of habeas corpus in the appropriate trial court.."

2) On page 2, "on or about September 23, 2000, the Relator's attorneys attempted to file her application for writ of habeas corpus directly with this Court". [meaning the TCCA--emphasis Petitioner's].

3) On page 2, "the fact that the Nueces County District Clerk did not return the copy it received to the Relator's attorneys or simply throw it away, as this Court did with the original, did not make it "filed" on the subsequent date that the case and its associated documents were returned from Harris County to Nueces County".

4) Mr. Rosenkild's concedes to have TCCA "dispose of such application on its merits..." (See **Exhibit K** - a copy of Mr. Rosenkild's letter)

JUNE 8, 2009

Petitioner files a second response to Mr. Rosenkild's second response claiming that her application for state writ of habeas corpus was indeed filed appropriately and on time and that Mr. Rosenkild fails to recognize the MANDATE of the 14th Court of Appeals.

### JUNE 10, 2009

TCCA ruled:  "Relator alleges that she filed her application
for writ of habeas corpus in Nueces County in September 2000.
If true, then the filing would have been in the wrong county
at that time..."  (**See Exhibit L** - a copy of TCCA ruling).

### JUNE 18, 2009

Petitioner filed a Motion for Re-hearing claiming the Mandate
of the 14th Court of Appeals that would have transferred Petitioner's
case back from the 228th District Court, convicting court, to
the 214th District Court, court of original jurisdiction.  This
Court, Judge Froeschner, ORDERED on October 27, 2008 for Respondent
to correct his error when it obtain an affidavit from the Harris
County District Clerk and not the Nueces County Clerk for this
Court ruled that a writ of habeas corpus should be returned
to the court of original jurisdiction.  Somehow, Mr. Rosenkild,
Assistant District Attorney and TCCA want to deliberately ignore
the MANDATE handed down by the 14th Court of Appeals.  This
would have made filing of Petitioner's state writ of habeas
corpus properly filed in the Nueces County 214th District Court
as it should  have been and was on September 23, 2000.

### JUNE 26, 2009

TCCA ruled on Petitioner's Motion for re-hearing:  "Pursuant
to Rule 72.2 of the Texas Rules of Appellate Procedure, no motions
for rehearing/reconsideration will be entertained".

**This Court on February 2, 2009 concluded that "UNLESS EQUITABLY
TOLLED" Petitioner's federal writ of habeas corpus was time
barred.  Petitioner's contentions that her state writ of habeas**

corpus was filed by her attorneys on September 23, 2000 and received by the Nueces County District Clerk as Mr. Rosenkild admits and confirms as true on September 26, 2000 and the TCCA ruling that it was filed in the wrong court, then her assertions have always been true and not mere speculation. This Court has ruled that no records exist of a 11.07 Article filing on behalf of Petitioner. This has been proven by Mr. Rosenkild's letters as being inaccurate.

Petitioner will point out to this Court the following:

First, Respondent in his Summary Judgment claimed that Petitioner NEVER filed her state writ of habeas corpus. This has been refuted by Mr. Rosenkild and TCCA ruling of June 10, 2009.

Second, Petitioner had a change of venue from the 214th District Court, the court of original jurisdiction, to the 228th District Court, court where the trial was held. A **MANDATE** was issued by the 14th Court of Appeals to send this case back to 214th District Court from the 228th District Court on September 22, 1999. Petitioner had until November 16, 2000 to file for federal relief. She filed her state writ of habeas corpus on September 23, 2000, 60 or so days before her deadline. Somehow, TCCA and the Assistant District Attorney or the 214th District Court refuse to recognize this ORDER of the 14th Court of Appeals which would make Petitioner's state writ filing proper and on time.

Third, The order by Judge Mike Westergren on October 30, 2000 ordering the case back to the 214th District Court from

the 228th District Court was prompted by some filing of some
sort otherwise the case would have remained in that same court.
Judge Westergren did not order it back after Petitioner's Petition
for Discretionary Review was refused on August 18, 1999 or after
the Mandate of the 14th Court of Appeals on September 22, 1999,
or any other time. It was after Petitioner's attorneys filed
her state writ of habeas corpus on September 23, 2000 that this
order by Judge Westergren was placed. Furthermore, Judge
Westergren requested consent from Petitioner's attorney. (**See
Exhibit M** - a copy of Judge Westergren's order with consents
from Petitioner's attorney and the District Attorney). Judge
Westergren did not deem it necessary to dismiss or deny Petitioner's
filing of her state writ of habeas corpus. Instead allowed
it to remain as such. To have **ACCEPTED** the filing of Petitioner's
state writ in his Courtroom, **ORDER** the case returned back from
Harris County 228th District Court, and then **FAILING** to dismiss
her state writ as inappropriate or improperly but to allow it
to lay dormant in his courtroom while a defendant's statute
of limitation is running is wrong in every sense of justice.
Petitioner's state writ remains in the possession of the 214th
District Court Clerk as Mr. Rosenkild has so stated or as he
has also stated that it was thrown away. Would a Trial Judge
leave something as important as a state writ of habeas corpus
that is a prelude in whether or not a defendant files for federal
relief to sit in his courtroom unresolved? If this type of
practice is allow to happen, then not only does society win
in a unfair trial but also when unethical practices are allowed

to happen in our criminal justice system.

## II.   EQUITABLE TOLLING ISSUE

Equitable tolling is not available if the Petitioner does not act diligently in attempting to meet the one-year limitation deadline. **Coleman v. Johnson**, 184 F. 3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000). Petitioner filed her Petition for Discretionary Review on March 17, 1999 which was refused by TCCA on August 18, 1999. The 14th Court of Appeals issued **"MANDATE"** on September 22, 1999 to transfer Petitioner's case back to the court of original jurisdiction, the 214th Judicial District Court in Nueces County, Texas from the 228th Judicial District Court in Harris County, Texas. Petitioner filed her state writ of habeas corpus on September 23, 2000 well before her one-year limitation deadline of November 16, 2000. Petitioner has acted diligently in meeting the one-year limitation period.

The one-year limitation period is subject to equitable tolling, but only in "rare and exceptional circumstances". **Davis v. Johnson**, 158 F. 3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). A Petitioner bears the burden of proof and "must demonstrate 'rare and exceptional circumstance' warranting application of the doctrine". **Alexander v. Cockrell**, 294 F. 3d 626, 629 (5th Cir. 2002). The conviction and judgment against Petitioner became final ninety days after the TCCA refused her Petition for Discretionary Review, which was on November 18, 1999. Under the AEDPA, unless tolled, Petitioner had until November 16, 2000 to file a federal writ of habeas corpus. Respondent maintained that there was no record that Petitioner

11

filed her state habeas corpus writ. Consequently, this Court ruled on February 2, 2009 that "there is no record that the Petitioner's Article 11.07 state post-conviction writ of habeas corpus was ever filed as alleged by Petitioner". (See this Court's Order of February 2, 2009 Exhibit G). **BUT** on June 10, 2009 TCCA ruled Petitioner "filed" her state writ of habeas corpus in the Nueces County 214th District Court, contradicting this Court's earlier ruling. This Court based its ruling on the Respondent's Summary Judgment submission of SWORN affidavits from the Deputy Clerk of Harris County in Houston, Texas Ms. Paula Gibson and Deputy Clerk from Nueces County in Corpus Christi, Texas Ms. Maria C. Ventura **DENYING** the existence of the filing of Petitioner's Article 11.07 application. The TCCA based its ruling on the admission and confirmation of Assistant District Attorney Mr. James D. Rosenkild who has revealed that on September 26, 2000, Petitioner's state writ of habeas corpus was received and remains in the possession of the Nueces County District Clerk. Furthermore, Mr. Rosenkild admits in a second letter that Petitioner's state writ was "THROWN AWAY". A U.S. District Court and a Texas Court of Criminal Appeals, both with distinct and opposite rulings, is a "rare and exceptional circumstance", warranting the application of the doctrine of equitable tolling. Moreover, the 5th circuit has approved of equitable tolling in very limited circumstances, "principally where the plaintiff is actively misled by that defendant upon the cause of action or is prevented in some extraordinary way from asserting his rights". **Fierro v. Cockrell**, 294 F.3d 674, 682 (5th Cir. 2002),

cert. denied 538 U.S. 947 (2003). In the case at hand, Petitioner was actively misled by Respondent, 214th District Court, Nueces County District Clerk and the Assistant District Attorney by repeatedly DENYING the existence and filing of Petitioner's state writ thereby no cause of action was ever taken for the past 8 years or so. It remains in the possession of the Nueces County District Clerk or ultimately as Mr. Rosenkild has admitted that it was thrown away. This inaction has prevented Petitioner from asserting her filing for federal habeas corpus relief. Judge Westergren held dormant, hostage or whatever Petitioner's state writ, made no ruling whatsoever for inappropriateness, improper or whatever. He might not have accepted Petitioner's filing of her state writ but why then would he want Petitioner's consent to return the case back from Harris County to Nueces County? He is the sole authority of this case requiring not the consent of Petitioner's in order that proceedings in his courtroom continue. He required of Petitioner's counsel consent because it was indeed that Petitioner's state writ of habeas corpus was filed in his courtroom and was within the one-year limitation period. That TCCA ruled that Petitioner never refiled her state writ of habeas corpus after Judge Westergren's order is preposterous. **HE HAD NOT DISMISSED** or whatever Petitioner's original state writ. Asking for Petitioner's counsel consent to transfer the case back from the trial court in Houston was because of her filing Petitioner's state writ on September 23, 2000 because at no other time had Mr. Berchelamann or Ms. Kramer been the counsel on record for Petitioner. This was their first

13

filing of anything in Petitioner's case.  In **Myer v. Callahan**,
974 F.Supp. 578, a party may be entitled to equitable tolling
of limitations period based on Court's action or misaction.
This Court's ruling of February 2, 2009 was a misaction.  Party's
failure to object to proposed findings and recommendations of
Magistrate Judge bars party from entitlement to de novo review
by district judge and appellate review, except on grounds of
plain error, of unobjected-to factual findings and legal
conclusion accepted by district court.  28 U.S.C.A. §636(b)(1),
Federal Rules of Civil Procedure Rules 6(a,b), 72(b).  Petitioner
timely objected to this Court's Opinion and Order proposed
findings and recommendations and it is clear now by the record
that this Court's ruling is a plain error requiring a de novo
review and appellate review.

   28 U.S.C.A. §2254(b)(1) states:

> An application for a writ of habeas corpus on behalf
> of a person in custody pursuant to the Judgment of
> a state court shall not be granted unless it appears
> that--
>
> (A)  the Applicant has exhausted the remedies available
>      in the courts of the state.

Because this rule governs filing for federal relief, Petitioner
could not move forward in the appellate process without the
ruling of her state writ of habeas corpus.  Petitioner made
an allegation to this Court that the state imposed an
unconstitutional impediment to the filing of her petition for
federal relief, and the factual predicate of her claims could

have been discovered sooner through the exercise of due diligence 28 U.S.C.A. §2244(d)(1)(B)(D), had it been as Petitioner has always contended:

1) That her State Writ of Habeas Corpus was filed in the court of original jurisdiction that being the 214th District Court as the TCCA also has ruled Petitioner did. Although they ruled it was the wrong court.

2) The State kept denying Petitioner and her attorneys the existence and filing of her State Writ year after year until in 2009 Petitioner filed a second Writ of Mandamus and it was then discovered by Mr. Rosenkild's admission and confirmation that they possess Petitioner's State Writ or was thrown away.

3) Petitioner submitted to this Court many letters from her attorneys to prove due diligence even had to file a grievance against Ms. Kramer at one time. (**See Exhibit N** - a copy of Ms. Kramer's letter in response a grievance filed against her for not answering Petitioner's family regarding her case).

4) Petitioner's State Writ of Habeas Corpus filed by her attorneys on September 23, 2000 in the 214th District Court does not make it void, null, trash, or otherwise. Judge Westergren has ignored Petitioner's filing whether it was properly or improperly filed, as authority of the court, some action should have been taken. Petitioner believes our criminal justice system takes responsibility for all filings inside each courtroom.

Under Texas Law, where a person is prevented from exercising his legal remedy by pendency of legal proceedings, time during which he is thus prevented should not be counted against him in determining whether limitation has barred his rights. V.T.C.A. Criminal Procedure and Remedies §16.003(a), **Zuliani v. Boardman**, 865 F.Supp. 382, W.D. Tex. 1994; **Swobode v. Wilshire Credit Corp**, 975 S.W. 2d 770, rehearing overruled. Plaintiff must exercise due diligence preserving her legal rights to be entitled to invoke equitable principles to save claim from being time barred. **Davidson v. Service Corp. Intern**, 943 F.Supp. 734, affirmed 132 F.3d 1454, S.D. Tex. 1996. There is no doubt that Petitioner filed her State Writ of Habeas Corpus preserving her legal rights to file for federal relief before the statute of limitation deadline. Petitioner has been prevented from exercising all of her legal remedies throughout these 8 years and is now invoking equitable principles to save claim from being time barred. This Court's ruling of February 2, 2009 is a mistake that Petitioner had not filed, when she had, her state writ of habeas corpus on September 23, 2000 that is material to a transaction, that is filing for federal relief, and a mistake about the legal effect of a known fact, and that is whether or not Petitioner qualifies for equitable tolling. This Court's ruling cannot stand as such and must be reversed. 28 U.S.C.A. §2254(b)(1)(B)(ii) states: "circumstances exist that render such process ineffective to protect the rights of the Applicant" and Applicant has no legal recourse or process available at this time to protect her rights.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court review de novo its Fianl Judgment ORDER of February 2, 2009 and reverse its decision and deny Respondent's Motion for Summary Judgment allowing Petitioner's Federal Writ of Habeas Corpus to move forward as filed on March 27, 2008.


Respectfully Submitted,

Yolanda Saldivar, #733126
Pro Se
Mountain View Unit
2305 Ransom Rd.
Gatesville, Texas 76528


## CERTIFICATE OF SERVICE


I, Yolanda Saldivar, do hereby certify that foregoing document was mailed via certified return request receipt to the United States District Court for the Southern District Court, Houston Division, P.O.Box 61010, Houston, Texas 77208-1010 on _10th_ day of July, 2009.

Yolanda Saldivar

## CERTIFICATE OF SERVICE

I, Yolanda Saldivar, do hereby certify that the foregoing document was mailed via certified return request receipt to the United States Court of Appeals, Fifth Circuit, 600 S. Maestri Place, New Orleans, Louisiana 70130 on __10th__ day of July, 2009.

*Yolanda Saldivar*

Yolanda Saldivar


I, Yolanda Saldivar, do hereby certify that the foregoing document was mailed via regular mail to Ms. Carole S. Callaghan, Assistant Attorney General, Post-conviction Litigation Division, P.O.Box 12548, Austin, Texas 78711-2548 on __10th__ day of July, 2009.

*Yolanda Saldivar*

Yolanda Saldivar


I, Yolanda Saldivar, do hereby certify that the foregoing document was mailed via regular mail to Mr. Michael Bozarth, Chief Habeas Corpus Division, (Mail Code 066) P.O.Box 12548, Austin, Texas 78711-2548 on __10th__ day of July, 2009.

*Yolanda Saldivar*

Yolanda Saldivar

# APPENDIX

E   X   H   I   B   I   T        A

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

## NOTICE THAT YOUR COMPLAINT HAS BEEN FILED

It was filed on **April 1, 2008**

The style of the case is

### Yolanda Saldivar v. Nathaniel Quarterman

The case number is **4:08–cv–01026**

The District Judge assigned to your case is **Judge Samuel B Kent**

The nature of the claim is **Habeas Corpus NOS: 530**

Please write or type the civil action number on the front of all letters and documents. Please address all mail to:

### United States District Clerk's Office
### P. O. Box 61010
### Houston, Texas 77208–1010

The case will be handled in the ordinary course of the Court's work. Writing the Court to ask about your case will only <u>SLOW</u> the process.

Date:   April 4, 2008

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS


## NOTICE OF THE RIGHT TO TRY
## A CIVIL CASE BEFORE A MAGISTRATE JUDGE

With the consent of all the parties, a United States Magistrate Judge may preside in a civil case, including jury trial and final judgment.

The choice of trial before a magistrate judge is entirely yours. Tell only the clerk. Neither the judge or magistrate judge will be told until all the parties agree.

The district judge to whom your case is assigned must approve the referral to a magistrate judge.

You may get consent forms from the clerk.

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

YOLANDA SALDIVAR, #733126 §
§
VS. § CIVIL ACTION NO. H-08-1026
§
NATHANIEL QUARTERMAN §

## O R D E R

On or about March 4, 2008, the Court received a "Petition for Writ of Habeas Corpus of a Person in State Custody" filed by Petitioner, Yolanda Saldivar; on the same date, Petitioner paid the $5.00 habeas filing fee.

The Court notes that Petitioner failed to properly name the Respondent; the current director is Nathaniel Quarterman. Accordingly, it is **ORDERED** that <u>Nathaniel Quarterman</u> is **SUBSTITUTED** as the proper Respondent in this cause.

It is, therefore, **ORDERED** that all further proceedings are **STAYED** until the Court completes its preliminary consideration of the Petitioner's petition pursuant to Rules 2, 3 and 4 of the "Rules Governing Section 2254 Cases in the United States District Courts." PETITIONER SHALL FILE NO MOTIONS OR PLEADINGS AND SHALL CONDUCT NO DISCOVERY UNTIL AUTHORIZED BY THE COURT.

Plaintiff SHALL notify the Court of any change of address by filing a written notice of change of address with the Clerk; FAILURE TO FILE SUCH NOTICE MAY RESULT IN THIS CASE BEING DISMISSED FOR WANT OF PROSECUTION.

DONE at Galveston, Texas, this _____7th_____ day of April, 2008.

John R. Froeschner
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR, # 733126 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1026 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID | § | |

## SHOW CAUSE ORDER

The Court having examined the Petition of Writ of Habeas Corpus submitted by the Petitioner, Yolanda Saldivar, and being of the opinion that an Answer from the Respondent is required, it is hereby **ORDERED** that the Respondent shall have until **July 10, 2008,** to file his Answer and show cause, if any, why the writ should not be granted or otherwise plead. Respondent is cautioned that under Rule 12(c), Fed.R.Civ.P., if matters outside the pleadings are relied upon, Respondent's motion **SHALL** be treated as a Motion for Summary Judgment and should be titled as such. It is also **ORDERED** that The Clerk shall serve copies of this Order and the Petition upon Michael Bozarth, Chief, Habeas Corpus Division (Mail Code 066), P.O. Box 12548, Austin, Texas 78711-2548, by certified mail.

It is further **ORDERED**:

1. Respondent shall serve Petitioner with a copy of the Answer as required by Fed.R.Civ.P. 5(a) & (b).

2. If Respondent asserts Petitioner has not exhausted all available State remedies, Respondent shall explain the State remedies still available to Petitioner with regard to each

unexhausted claim. If Respondent asserts Petitioner has procedurally defaulted on any claim, Respondent shall identify which of Petitioner's claims Respondent contends are procedurally barred.

3. Respondent shall address whether the Petition was filed within the one-year limitations period of 28 U.S.C. § 2244(d).

4. If Respondent asserts abuse of writ as a defense, Respondent shall identify which of Petitioner's claims were included or could have been included in a prior federal habeas corpus petition.

5. The Answer of Respondent **SHALL** be accompanied by the following documents relating to the conviction(s) of the state court which Petitioner attacks: (a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which Petitioner is being held; (b) if Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's brief on appeal and a copy of the judgement(s) on appeal, the statement of facts on appeal, the opinions of the appellate courts or a reference to where it or they may be found in the reports; (c) if Petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of Petitioner's application for collateral relief including all answers and judgments rendered as a result; and (d) a copy of only such portions of the transcript respondents consider relevant for the proper resolution of this action.

6. **Petitioner shall file a Response to Respondent's Answer within thirty (30) days of receipt of the Answer.** Any failure to file a timely Response or Responsive pleading may be construed by the Court as a lack of opposition to the Answer and result in a dismissal of the Petition for a failure to prosecute.

7. The Federal Rules of Civil Procedure require that all documents submitted to the Clerk of this Court for filing must be served on the opposing party or opposing counsel. The Court may

disregard any pleading, motion, or other document submitted for filing that fails to contain the "certificate of service" required under Fed.R.Civ.P. 5(d). The certificate must state the date and method (e.g., hand delivery, certified mail, or regular mail) by which a party sent a copy of that pleading, motion, or document.

8. Petitioner shall *immediately* notify the Clerk and each Respondent's counsel in writing of any change of address. He shall caption any such advisories as "Notice to the Court of Change of Address" and not include any motions or other matters in such notice. Failure to do so will be interpreted by the Court as a failure to prosecute and may result in the recommendation of dismissal of the Petition.

9. There will be no direct communication with the U.S. District Judge or Magistrate Judge. Communications must be submitted to the Clerk of Court with copies to the other party.

**DONE** at Galveston, Texas, this ___7th___ day of April, 2008.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

<u>E</u>     <u>X</u>     <u>H</u>     <u>I</u>     <u>B</u>     <u>I</u>     <u>T</u>          <u>B</u>

CAUSE NO.704424

| | | |
|---|---|---|
| YOLANDA SALDIVAR | § § § | IN THE DISTRICT COURT |
| | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| THE STATE OF TEXAS | § § § | |
| | § | 228th JUDICIAL DISTRICT |

## AFFIDAVIT OF PAULA GIBSON

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, THE UNDERSIGNED Notary Public, on this day personally appeared PAULA GIBSON, in her official capacity as Deputy District Clerk of Harris County, Texas, who, being by me duly sworn on oath, states as follows:

"My name is Paula Gibson, and I am a Supervisor in the Criminal Post Trial Services & Bond Forfeiture department of the Harris County District Clerk's Office. I am over the age eighteen (18) years of age, of sound mind, never been convicted of a felony, am capable of making the affidavit, and I am personally acquainted with the facts stated below.

That a Writ of Habeas Corpus was not filed with Harris County in 2000

I have searched through the case file and there has been nothing filed since the case was ordered returned to original venue on November 21, 2000.

1

**FURTHER AFFIANT SAYETH NAUGHT.**

_Paula Gibson_
Paula Gibson

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary, on the 9th day of July, 2008.

_Cynthia C. Williams_
Notary Public in and for
The State of Texas

2

I, LOUISE PEARSON, Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found that no 11.07 postconviction writ of habeas corpus under trial court cause number **704424**, in the name of **Yolanda Saldivar**, has been received in this court. WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 8th day of July, A.D. 2008.



Louise Pearson, Clerk

By: _____

Deputy Clerk