# BUSINESS RECORDS AFFIDAVIT

STATE OF TEXAS )
)
COUNTY OF Coryell )

BEFORE ME, the undersigned authority, personally appeared Jay Scott who, being duly sworn by me, deposed as follows:

"My name is Jay Scott I am over 18 years of age, of sound mind, capable of making this affidavit, and have personal knowledge of the facts herein stated:

"I am employed as the Court assistant access to at the Gatesville Unit. I am the custodian of the attached records of the Texas Department of Criminal Justice. These records are kept by the Texas Department of Criminal Justice in the regular course of business, and it was the regular course of business of the Texas Department of Criminal Justice for an employee or representative of the Texas Department of Criminal Justice, with knowledge of the act, event, condition, or opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the originals."

_____
Affiant

SWORN TO AND SUBSCRIBED before me on this the 3 day of July, 2008

_____
NOTARY PUBLIC in and for
The State of Texas
My commission expires:

rclosed documents:
utgoing legal logs for offender
olanda Saldivar, TDCJ no. 733126,
'om August 1, 2000 through
'tober 15, 2000. (4 pages)



J.D. EVANS
Notary Public
STATE OF TEXAS
My Commission
Expires 11/03/2010

1

**E      X      H      I      B      I      T          C**

Z 554 233 716

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to
aTTorney Generals

Street & Number
Austin TX 7870

Post Office, State

Postage

Certified Fee

Special Delivery

Restricted Deliv

Return Receipt
Whom & Date I
Return Receipt Sh
Date, & Addresse

TOTAL Postag

Postmark or D

Form 3800, April 1995

---

Z 554 233

Postal Service
ceipt for Certified Ma
Insurance Coverage Provided.
not use for International Mail (See revs.

to
214TH Dist Ct
Nueces Cty Courthouse
CC TX 78401

tage

rtified Fee

ecial Delivery Fee

stricted Delivery F

turn Receipt Show
on & Date Delive
un Receipt Showing
r, & Addressee's Ad

TAL Postage & F

mark or Date

SAN
ANTONIO
TX

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

aTTorney Gen's
Office
appellate Section
iusTin TX 78701

umber (Copy from service label)
254233

11. July 1999

A. Received by (Please Print Clearly)
IN MAILCENTER
C. Signature
X                    SEP 26 2009

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below: ATTORNEY GENERAL 78701  □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)          □ Yes

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

214TH Dist Ct
Judge Westergren
Clerk of court
Nueces Cty Courthouse
CC TX 78401

2. Article Number (Copy from service label)
254 23372

PS Form 3811, July 1999

A. Received by (Please Print Clearly)  |  B. Date of Deliver
C. Signature
X

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)          □ Yes

Domestic Return Receipt

Z 554 233 719

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to

Street & Number

Post Office, State, & ZIP Code

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | |
| Postmark or Date | |

PS Form 3800, April 1995

---

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Matthew Paul
Box 12405
Capitol Station
Austin TX 78711

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X                                          ☐ Agent
                                           ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
Z 554 233 719

PS Form 3811, July 1999        Domestic Return Receipt        102595-99-M-1789

---

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

James Rosenfield
C DA's Office
101 Leopard
C TX 78401

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X                                          ☐ Agent
                                           ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7000 0600 0029 4528 7365

Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

---

**U S Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Sent to
Soldivar

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Return Receipt (Endorsement Required) | |
| Restricted Delivery (Endorsement Required) | |
| Total Postage & Fees | |

Recipient's Name

Street, Apt. No.; or PO Box No.
901 Leopard St

City, State, ZIP+4
TX 78401

**NDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Court of Criminal
appeals
Clerk
austin, TX 7870

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)

Z 554 233 726

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

Z 554 233 726

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to
Court of Criminal appeal
Street & Number
Austin TX 1870
Post Office, State, & ZIP Code
Clerk's office

Postage

Certified Fee

Special Delivery Fee

Restricted Delivery F

Return Receipt Show
Whom & Date Deliver

Return Receipt Showing t
Date, & Addressee's Addn

TOTAL Postage & Fee

Postmark or Date

PS Form 3800, April 1995

SAN
TX  SEP 23 00

---

**NDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Corpus Christi
D.A. Office
appellate section
Nueces County
Courthouse
CC TX 78401

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Article Number (Copy from service label)

CC 554 233 718

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

Z 554 233 718

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to
CC DA Office
Street & Number
Nueces County Court House
Post Office, State, & ZIP Code

Postage

Certified Fee

Special Delivery Fee

Restricted Delivery Fee

Return Receipt Showing
Whom & Date Delivered

Return Receipt Showing to Wh
Date, & Addressee's Address

TOTAL Postage & Fees

Postmark or Date

PS Form 3800, April 1995

SAN
TX  SEP 23 00

? ?

S Viera

$\underline{E}$      $\underline{X}$      $\underline{H}$      $\underline{I}$      $\underline{B}$      $\underline{I}$      $\underline{T}$      $\underline{D}$

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR, # 733126 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1026 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID | § | |

## ORDER

On July 10, 2008, pursuant to this Court's Show Cause Order, Respondent filed a Motion for Summary Judgment with Brief in Support (Docket Entry ("Doc.") No. 9) seeking the dismissal of the Petition of Writ of Habeas Corpus submitted by Petitioner, Yolanda Saldivar. Petitioner filed a Response to Respondent's Motion for Summary Judgment urging the Court to deny it because a genuine issue of material fact exists as to whether she filed a post-conviction state writ of habeas corpus. (Doc. No. 16).

In reviewing these pleadings, the Court notes that, while Respondent maintains that Petitioner never filed a state court writ of habeas corpus in either Nueces County, Texas or with the Texas Court of Criminal Appeals (Doc. No. 9 at 2, 7), he appears to have inadvertently attached an affidavit from the clerk in Harris County, not Nueces County, in support of his Motion.[1] (Doc. No. 9, Ex. A). *See generally, Ex parte Meador*, 248 S.W. 348, 348-49 (Tex.Crim.App. 1923)

---

[1] The Court is, of course, aware that this case originated out of Nueces County, Texas and, due to a change of venue, Judge Mike Westergren, a State District Court Judge in Nueces County, heard the case in Harris County, Texas.

(notwithstanding a change of venue, a habeas corpus writ should be returned to the county of original jurisdiction); *Ex parte Graham*, 64 S.W. 932 (Tex.Crim.App. 1901) (same). The Court, therefore, **ORDERS** Respondent to remedy the error, filing any supplemental pleading he feels necessary to explain the oversight, on or before **November 28, 2008**. If Petitioner believes a response is necessary, she **SHALL** have until **December 29, 2008**, to have her response filed one is necessary. The Court **ADVISES** the parties that no extensions will be granted without a showing of good cause.

Also before the Court is Petitioner's Motion for Continuance. (Doc. No. 16). The basis for Petitioner's request for continuance, while not entirely clear, appears to be made for the purpose of requesting permission to file a motion in support of equitable tolling. (Doc. No. 16 at 3). Having reviewed Petitioner's Response to Respondent's Motion for Summary Judgment, the Court notes that Petitioner included briefing on this issue and, as such, her request for continuance is **DENIED** as **MOOT**.

**DONE** at Galveston, Texas, this _____27th_____ day of October, 2008.

John R. Froeschner
United States Magistrate Judge

**E X H I B I T E**

## AFFIDAVIT

THE STATE OF TEXAS                    §
                                      §
NUECES COUNTY                         §

BEFORE ME, the undersigned authority, on this day personally appeared
MARIA C. VENTURA___, and being by me duly sworn,
MARIA C VENTURA___ stated the following:

"My name is MARIA C VENTURA. I am over twenty-one years of
age, of sound mind, capable of making this affidavit, and personally acquainted
with the documents provided.
I am employed as a DEPUTY CLERK by the Nueces County
District Clerks office. As part of my duties I have access to the records
maintained at the Nueces County District Clerks office. I have searched the
records and found no 11.07 postconviction writ of habeas corpus in the 214th
district court between August 1, 2000 through December 1, 2000 on behalf of
Yolanda Saldivar. CAUSE # 95-1187-F
In witness whereof, I have hereto set my hand this the 20th day of
NOVEMBER, 2008.

                                    Maria C Ventura
                                    _____

                          Corpus Christi, Texas


SWORN TO AND SUBSCRIBED BEFORE ME, by the said
Maria C. Ventura, known to me to be the person whose name is subscribed
in the foregoing instrument and acknowledged to me that she executed the same
for purposes and consideration thereby expressed, on this the 20 day of
November, 2008, to certify which witness my hand and seal of office.
                                    Rosalva Turincio
                                    _____


ROSALVA TURINCIO
Notary Public, State of Texas
My Commission Expires
May 18, 2011

NOTARY PUBLIC in and for the
State of Texas

E X H I B I T F

1/15/2009

I Maria Elida Saldivar, on June 27th, 2003 went to the Corpus Christi Nueces CountyDistrict Clerk to obtain Documents, copies of judgment, sentence and verdict on the case of Yolanda Saldivar V. The State of Texas. I also asked about the status of Yoland Saldivar's 11.07 application filed on September 2000. Mr. James D Rosenkild told me the following:   he showed me a box that was on the floor that contained Yoland's application and said the appeal would take about two to three years for anyone to look at the appeal or it just might be ignored.

_Maria Elida Saldivar_         _ Date  1-15-09_

**Maria Elida Saldivar**

JEAN H. ROWRAY
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
2-18-2011

Jean H Rowray      1/15/09
Bexar County Texas
Ex pir - 2-18-2011

1/15/2009

I Ruth A Sosa accompanied and am a witness for Maria Elida Saldivar
when she went to Nueces county on June 27th, 2003 to obtain documents
and or copies of the judgement, sentence and verdict on the case of
Yolanda Saldivar V. The State of Texas.  I also witnessed when Mr James
D Rosenkild approached Ms. Saldivar and showed her a box that was on
the floor that contained Yolanda's application and said the appeal would
take about two to three years for anyone to look at the appeal or it just
might be ignored.

_Ruth G. Sosa_                          _Date_
Ruth A. Sosa

_Jean H. Rowray_

Date — 1/19/09

Bexar. county
State Texas.
Expires 2-18-2011

**E** **X** **H** **I** **B** **I** **T** **G**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

YOLANDA SALDIVAR, #733126 §
§
§
v. § CIVIL ACTION NO. H-08-1026
§
NATHANIEL QUARTERMAN §
DIRECTOR, TDCJ-CID §

## OPINION AND ORDER

Before the Court, upon the consent of the parties,[1] is the Petition for a Writ of Habeas

Corpus of Yolanda Saldivar, a prisoner in the Texas Department of Criminal Justice - Correctional

Institutions Division ("TDCJ-CID") (Docket Entry ("Doc.") Nos. 1 & 2). The Court has

jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. Petitioner

attacks the judgment and sentence entered by the 228th Judicial District Court of Harris County,

Texas,[2] in Cause Number 704424. The case was tried to a jury. After hearing all the evidence,

the jury convicted Petitioner of murder and sentenced her to life imprisonment. *State of Texas v.*

*Saldivar*, S.R. at 2.

Petitioner appealed her conviction. On October 1, 1998, the Fourteenth Court of Appeals

of Texas affirmed the conviction. *Saldivar v. State*, 980 S.W.2d 475 (Tex.App.–Houston [14[th]

Dist.] 1998). Petitioner filed a petition for discretionary review which was subsequently refused

---

[1] *See* Docket Entry No. 15.

[2] This case originated out of Nueces County, Texas and, due to a change of venue, Judge Mike
Westergren, a State District Court Judge in Nueces County, heard the case in Harris County, Texas.

by the Texas Court of Criminal Appeals ("TCCA") on August 18, 1999. *Saldivar v. State*, No. PD-0515-99 (Tex.Crim.App. 1999). A petition for certiorari was not filed with the United States Supreme Court. Fed. Writ Pet. at 3.

Petitioner alleges that she filed a state writ of habeas corpus challenging this conviction pursuant to Article 11.07 of the Texas Code of Criminal Procedure on September 23, 2000, in the 214th Judicial District Court of Nueces County, Texas.[3] On April 2, 2008, almost eight years after allegedly filing her state habeas writ, Petitioner requested leave from the TCCA to file a petition for writ of mandamus concerning her state writ. Petitioner's request was denied by the TCCA without written order on May 21, 2008. *Saldivar v. State*, No. WR-69,661-01 (Tex.Crim.App. 2008).

Petitioner filed the instant writ on March 27, 2008.[4] The grounds Petitioner raises in her federal habeas corpus writ all arise out of her conviction. Fed. Writ Pet. at 7, 7a-7b. In particular, Petitioner alleges she is entitled to federal habeas corpus relief based on the following claims:

> (1) the court of appeals erred in not completing the *Batson* analysis;[5]
>
> (2) the trial court committed the following errors:

---

[3] *Supra* note 2.

[4] This is the date that Petitioner declares she placed the writ in the prison mailing system. Fed Writ. Pet. at 9. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

[5] In his Motion for Summary Judgment, Respondent states that Petitioner's first ground is based on ineffective assistance of counsel for failing to preserve error related to a *Batson* issue in jury selection. Having reviewed her Petition and her Memorandum in Support, this is not Petitioner's contention. Instead, she reiterates that her attorney properly objected and the court of appeals erred by failing to analyze the error under *Batson*. *See* Fed. Writ Pet. at 7; Memorandum at iv; 19; 22 (Petitioner states:"It is the Applicant's assertion that the defense counsel timely pursued her Batson objection"); 25 "Defense counsel could have, and did, timely make the objection); 30 ("The Fourteenth Court of Appeals erred in not completing the Batson analysis, and the error cannot stand).

(a) permitting prosecutor to exclude venire persons based on race;

(b) sustaining prosecutor's challenge of a venire person;

(c) denying her constitutional rights when prosecutor failed to disclose impeachment evidence;

(d) admitting her written statement;

(e) admitting evidence of extraneous misconduct and failing to give a limiting instruction;

(f) denying Petitioner's request for a jury instruction on sudden passion;

(g) allowing the admission of irrelevant and prejudicial opinion evidence at the punishment phase of trial;

(h) denying her motion for mistrial on the basis of prosecutorial misconduct;

(i) denying her motion for mistrial on the basis that exhibits had been lost or destroyed;

(j) failing to grant a motion for new trial based on an alleged *Brady* violation; and

(3) the prosecutor impermissibly commented on Petitioner's failure to testify.

Fed. Writ Pet. at 7 & 7a-7b.[6]

Respondent filed a Motion for Summary Judgment seeking the dismissal of all Petitioner's claims on the basis that they are time barred. (Doc. No. 9 at 1). Petitioner filed a Response urging the Court to find her claims timely or, in the alternative, that she is entitled to equitable tolling. (Doc. Nos. 16 & 24).

---

[6] The Court notes in passing that some, but not all, of Petitioner's claims in this federal writ were presented in the state court appeal. *See Saldivar v. State*, 980 S.W.2d at 482.

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for state prisoners filing federal habeas corpus petitions. 28 U.S.C.A. §2244(d)(1); *see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions). The statute provides, in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. §2244(d)(1)-(2).

Petitioner makes no allegations that the state imposed an unconstitutional impediment to the filing of her petition for federal relief, that the Supreme Court has announced a new rule(s)

4

applicable to her claims, or that the factual predicate of her claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in §2244(d)(1)(B)-(D) do not apply. 28 U.S.C. §2244(d)(1)(B)-(D). Accordingly, the one-year limitation period began on the date the judgment in this case became final. 28 U.S.C. §2244(d)(1)(A).

The conviction and judgment against Petitioner became final ninety days after the Texas Court of Criminal Appeals refused her petition for discretionary review, which was on November 18, 1999.[7] Under the AEDPA, unless tolled, Petitioner had until November 16, 2000, to file a federal writ of habeas corpus. Respondent maintains that there is no record that Petitioner filed her state habeas corpus writ and, thus, her federal writ filed nearly eight years later is time barred. Petitioner counters that her state writ challenging this conviction was filed on September 23, 2000, and claims that, to date, no action has been taken on her post-conviction writ so the statutory period remains tolled. 28 U.S.C. §2244(d)(2). (Doc. No. 1, p. 3; Doc. No. 16, p. 2). In an attempt to support her contentions, Petitioner submits a copy of a certified return receipt slip that was signed on September 23, 2000. (Doc. No. 16, Ex. D). For a number of reasons, however, the documents Petitioner submits are simply not competent summary judgment evidence upon which to oppose Respondent's Motion. First, there is absolutely no indication on the face of the receipt of the nature of the document that was submitted by or on behalf of Petitioner on that date. Nor is there any

---

[7] To the extent made, any assertion by Petitioner that her conviction did not become final until 90 days after the state appellate court issued the mandate back to the state district court on September 22, 1999 (see Doc. No. 16 at 2), is erroneous. The issuance of the mandate by the state court of appeals is of no consequence for purposes of calculating the federal limitations period under subsection (A). *Reis v. Quarterman*, 522 F.3d 517, 522 n.1 (5th Cir.), *cert.denied*, _ U.S. _, 129 S.Ct. 485 (2008); *Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006), *cert.denied*, _ U.S. _, 127 S.Ct. 2909, 168 L.Ed.2d 242 (2007); *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003)).

admissible evidence before this Court that establishes that this submission was Petitioner's Article 11.07 state post-conviction writ of habeas corpus or that a state writ was, in fact, ever filed as alleged by Petitioner. (*See* Doc. No. 16, Exs. A-E).[8] Second, contrary to Petitioner's allegations, neither Nueces County nor the Texas Court of Criminal Appeals has any record that a state post-conviction writ of habeas corpus was ever filed by or on behalf of Petitioner. (Doc. No. 9 at 7, Ex. B; Doc. No. 18, Ex. A). Harris County, Texas, where Petitioner's case was tried, also has no such records. (Doc. No. 9 at 7, Ex. B).

Not to be dissuaded, Petitioner also attempts to support her claims with the "affidavits" of Maria Elida Saldivar (Doc. No. 24, Ex. C) and Ruth Sosa (Doc. No. 24, Ex. D). As a preliminary matter, the Court notes that, while relevant when Petitioner sought a writ of mandamus from the TCCA, it is clear, given the recent date of these "affidavits," that Petitioner, for unexplained reasons, did not offer the statements of these witnesses to the TCCA and, only now, for the fist time, presents them to this Court. Nevertheless, the Court finds that the statements that Petitioner now presents are not competent summary judgment evidence upon which to oppose Respondent's Motion. In particular, while referred to by Petitioner as "affidavits," these documents, virtually

---

[8] In her opposition, Petitioner states that after being informed by retained counsel Roland Moore that the state matters in her case were closed, she sent a letter to attorney Kramer to make inquiries regarding the status of her state writ. In the 2007 letter, Kramer communicated to Petitioner that she felt sure attorney Berchelman filed the state writ, but offered no file-stamped copy of the pleading and, while requested from Petitioner, declined to provide an affidavit in support of her recollections. (Doc. No. 16, Ex. C). In addition, Petitioner claims attorney Berchelman's 2002 letter (Bechelman was initially hired to pursue her state habeas corpus writ, but he passed away from cancer in 2003) is further proof that the state writ was filed. (Doc. No. 16, Ex. A). In the letter, Berchelman informed the state that the gun used in the incident should not be destroyed because a state writ was still pending, but, after a subsequent hearing on the matter, the state court permitted the destruction of the gun. (Doc. No. 16, Exs. A & B). Attorney Kramer stated that she understood that Petitioner's state writ was discussed at the hearing regarding the destruction of the gun, but she clearly conceded that she had no first-hand knowledge of the matter, and no transcript is provided which supports these hearsay contentions. (Doc. No. 16, Ex. C).

identical in form and both dated January 15, 2009,[9] are nothing more than unsworn statements. Fed. R. Civ. P. 56(e). It is true that a notary's signature and seal are attached, but completely lacking is an attestation clause for either unsworn statement. *Id.*

In conclusion, based on the competent summary judgment evidence before the Court, there is no record that an Article 11.07 State post-conviction writ of habeas corpus was ever filed by or on behalf of Petitioner. Therefore, this Court concludes that, unless equitably tolled, Petitioner's federal writ, which was not filed until March 27, 2008, is time barred by the one-year limitations period.

### Equitable Tolling Issue

The one-year limitations period is subject to equitable tolling, but only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied,* 526 U.S. 1074 (1999). Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000). Moreover, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "principally where the plaintiff is actively misled by the defendant upon the cause of action or is prevented in some extraordinary way from asserting his rights." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002), *cert. denied,* 538 U.S. 947 (2003) (quoting *Coleman,* 184 F.3d at 402); *but see, Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996) (application of equitable tolling is not warranted for "garden variety claims of excusable neglect."). A petitioner bears the burden of proof and "must demonstrate 'rare and

---

[9] The Court notes that with regard to Ruth Sosa's unsworn statement, there is a date of 1/15/2009 typed on the top of the document, but Ms. Sosa did not date the document when she signed it and, adding further confusion, is the fact that the notary's signature and date are for "1/19/2009." (Doc. No. 24, Ex. D).

exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Initially, reviewing the record, this is not a case where Petitioner was actively misled by Respondent about her cause of action or prevented from asserting her rights. In addition, Petitioner concedes she was represented by three separate attorneys during the eight year period, so this is not a case where, even if applicable, ignorance of the law or lack of legal assistance would excuse late filing. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).

Instead, in this case Petitioner contends that she is entitled to equitable tolling because she apparently erroneously placed her confidence in the attorneys[10] that were hired to represent her and Petitioner assures this Court that she exercised all due diligence in pursuing state relief in the last eight years. Upon this record, however, the Court simply cannot agree. The law in this Circuit clearly provides that "[i]neffective assistance of counsel is irrelevant to the tolling decision." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied*, 539 U.S. 952 (2003). Moreover, mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004); *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that she reasonably relied on her attorney's deceptive misrepresentations. *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir.2002). Even assuming that there was some evidence that Petitioner's attorney intentionally deceived her that he

---

[10] Petitioner states that three attorneys were, at different times, employed by her family to represent her in filing a state post-conviction writ. (Doc. No. 16 at 11-12).

filed the Article 11.07 writ of habeas corpus, waiting approximately eight years for the state court to take any action on her petition is simply not reasonable, particularly in the absence of any evidence that Petitioner pursued or even inquired of any of her attorneys regarding the delay. Notably, while bearing the burden of proof of this issue, Petitioner submits no correspondence between either herself or her family and her attorney regarding the status of the state post-conviction habeas corpus writ that was allegedly filed. Petitioner has simply not shown rare and extraordinary circumstances, as is her burden, that warrant equitable tolling. Under the circumstances presented, this Court simply cannot find that Petitioner diligently pursued federal habeas relief. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman*, 184 F.3d at 402 *citing Fisher v. Johnson*, 174 F.3d 710 (5th Cir.1999).

The Court, therefore, concludes that the Petitioner is not entitled to equitable tolling and her Federal Petition for a Writ of Habeas Corpus must be DISMISSED as time-barred.

## CONCLUSION

For all the foregoing reasons, the Court concludes that Respondent's Motion for Summary Judgment (Doc. No. 9) is GRANTED; that the Petition for a Writ of Habeas Corpus of Yolanda Saldivar (Doc. No. 1) is DISMISSED WITH PREJUDICE as time-barred; and, to the extent filed, any pending motions are hereby DENIED.

DONE at Galveston, Texas this _____2nd_____ day of February, 2009.

John R. Froeschner
United States Magistrate Judge

9

<u>E</u>   <u>X</u>   <u>H</u>   <u>I</u>   <u>B</u>   I   <u>T</u>       <u>H</u>