IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR, # 733126 | § § § | |
| v. | § § | CIVIL ACTION NO. H-08-1026 |
| NATHANIEL QUARTERMAN, DIRECTOR OF TDCJ-CID | § § § | |

## ORDER

On February 2, 2009, acting with the consent of both parties, this Court issued an Order and Final Judgment dismissing Petitioner Yolanda Saldivar's federal writ of habeas corpus as time barred. Petitioner filed a notice of appeal. Petitioner's appeal is currently pending before the Fifth Circuit Court of Appeals. On July 13, 2009, Petitioner filed a "Motion for Leave of Court to File Writ of Error to Reverse This Court's Final Judgment Order of February, 2009." (Docket Entry ("Doc.") No. 42). In her Motion, Petitioner submits additional documentation that she maintains supports her claim that her Article 11.07 state writ of habeas corpus was timely filed and, to the extent that it was not, it was due to the fault of the State. Alternatively, Petitioner reiterates her claim that she is entitled to equitable tolling. The Court considers Petitioner's Motion as a relief from judgment under Rule 60(b). FED. R. CIV. P. 60(b).

As a preliminary matter, the Court recognizes the general rule that once a party files a notice of appeal, a district court loses all jurisdiction and is without power to grant a Rule 60(b)

1

motion of the kind filed by the petitioner regarding the merits of her case. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (explaining that, once "an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)") (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)). However, the Firth Circuit recognizes that a lower court has jurisdiction to consider the merits and deny a Rule 60(b) motion that is filed after notice of appeal because it is considered "in furtherance of the appeal." *Travelers*, 38 F.3d at 1407 n. 3.

Having considered the merits of the Petitioner's motion, this Court is of the opinion that Petitioner's request for relief must denied. As discussed in this Court's February 2, 2009, Order, Petitioner's federal writ of habeas corpus is time barred. Regardless of the Petitioner's attempts to create nuances, the summary judgment evidence establishes that an Article 11.07 state writ of habeas corpus was not properly filed by Petitioner's attorney, which she retained, in either Harris or Nueces County, Texas. In addition, despite the numerous exhibits that accompany Petitioner's motion, this failure cannot properly be attributed, as Petitioner attempts to argue, to the State. Nor did the State create any impediment that prevented her attorney from properly filing her state writ of habeas corpus. Petitioner's federal writ, filed eight years after her conviction became final, is late and, therefore, time barred. While Petitioner reiterates that she is entitled to equitable tolling in this case, as previously discussed by the Court, an eight year delay simply does not support her bald claims of diligence. Nor will any alleged negligence on the part of her retained attorney suffice to warrant equitable tolling. Accordingly, having fully considered Petitioner's

Motion, the Court concludes that it should, and it is hereby, be **DENIED**. In addition to serving the parties, a copy of this Order be **SHALL** forwarded to the Fifth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**DONE** at Galveston, Texas, this 27th day of July, 2009.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE